Nicholas Joseph BELLEGIE, M.D., et al., Appellants,

v.

TEXAS BOARD OF NURSE EXAMINERS, Appellee.

No. 13916.

Court of Appeals of Texas, Austin.

Jan. 30, 1985.

Rehearing Denied Feb. 27, 1985.

Ace Pickens, Michael G. Mullen, Brown, Maroney, Rose, Baker & Barber, C. Dean Davis, Sharon Warner, Davis & Davis, Austin, for appellants.

Jim Mattox, Atty. Gen., Walter Davis, Asst. Atty. Gen., Austin, for appellee.

Before SHANNON, C.J., and SMITH and CEAMMAGE, JJ.

SHANNON, Chief Justice.

Appellants [1] filed a declaratory judgment suit in the district court of Travis County pursuant to the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat. Ann. art. 6252–13a § 12 (Supp.1984). The objective of that suit was to obtain a declaration from the court as to the validity of certain rules promulgated by appellee Texas Board of Nurse Examiners. Appellants filed motions for summary judgment, as did appellee. The district court granted appellee's amended motion for summary judgment and denied those of appellants. Because the judgment rendered by the district court failed to declare the rights of the parties, this Court will set aside the judgment of the district court, abate the appeal, and order the district court to render judgment declaring the rights of the parties.

The judgment of the district court simply orders that appellee's motion for summary judgment be granted and that appellants' motions for summary judgment be denied. The judgment, however, does recite that appellee is entitled to judgment as a matter of law on all issues set out in appellee's amended motion for summary judgment and recites further that appellants "could not succeed on any of the issues, theories, or causes of action pled [sic] by [them]."

---

1. Appellants are Nicholas Joseph Bellegie, M.D.; Ona D. Northcutt Newby, R.N.; the Texas Academy of Family Physicians; the Texas Association of Obstetricians and Gynecologists, the Tex- as Society of Anesthesiologists; the Texas Medical Association; Jane Ralston, R.N.; San Jacinto Methodist Hospital; Texas Hospital Association; and the THA Health Services Corp.

The administrative rule at issue is appellee's rule 388.06.00, which concerns "Advanced Nurse Practitioners." Rule 388.06.-00 is set out in the margin.[2]

**2.        State Board of Nurse Examiners**

Advanced Nurse Practitioners 388.06.00
A hearing was held on March 12, 1980, by the State Board of Nurse Examiners to receive testimony on the proposed adoption of Rules 388.-06.00.001–.007. The majority of the testimony, both oral and written, was in support of the rules with minor revisions.
Under the authority of Article 4514 and Article 4518, Texas Revised Civil Statutes, the Board of Nurse Examiners has adopted Rules .001–.007 with minor changes in the proposed text.
.001.   Definitions.
(a) "Advanced nurse practitioner" is a registered professional nurse currently licensed in Texas, who is prepared for advanced nursing practice by virtue of knowledge and skills obtained through a post-basic or advanced educational program of study acceptable to the board. The advanced nurse practitioner is prepared to practice in an expanded role to provide health care to individuals, families, and/or groups in a variety of settings including but not limited to homes, hospitals, institutions, offices, industry, schools, community agencies, public and private clinics, and private practice. The advanced nurse practitioner functions in a collegial relationship with physicians and other health professionals making independent decisions about nursing needs, interdependent decisions with physicians regarding health regimens, and assumes dependent responsibilities in carrying out delegated medical acts.
(b) "Board" refers to the Board of Nurse Examiners for the State of Texas.
(c) "Should" indicates a recommendation.
(d) "Shall" and "must" indicate mandatory requirements.
(e) "Post-basic course of study" refers to an accredited advanced nurse practitioner program.
.002.   Education.
(a) The registered professional nurse practicing as an advanced nurse practitioner shall have completed a post-basic program of study appropriate to the area of practice which meets the following criteria.
(1) The program of study shall meet the requirements for advanced nurse practitioner programs according to Rules 388.05.00.001–.014.
(2) Programs of study in the State of Texas should be accredited by the board.
(3) Programs of study in states other than Texas must meet the requirements of Rules 388.05.00.001–.014 and should be approved by the appropriate licensing body in that state or be accredited by a national accrediting body approved by the board.
(b) In lieu of the aforementioned educational requirements, certification of the advanced nurse practitioner in the appropriate area of practice by a national or state organization, whose certification examination has been approved by the board, will be acceptable.
.003.   Categories. Registered professional nurses holding themselves out to be advanced nurse practitioners may include but not be limited to the following:
(1) nurse anesthetist,
(2) nurse midwife,
(3) nurse practitioner,
(4) clinical nurse specialist,
(5) other titles as approved by the board.
.004.   Credentialing.
(a) The registered nurse who practices as an advanced nurse practitioner shall submit to the board such evidence as is necessary to insure compliance with Rules .002 and .004.
(b) Evidence to be submitted to the board may include but is not limited to the following:
(1) current registration as a registered nurse in the State of Texas;
(2) transcript from post-basic program of study;
(3) evidence of certification in the area of practice by a national or state organization approved by the board;
(4) name and address of consulting physician(s), if applicable.
(c) After review by the board, notification of acceptability of credentials shall be sent to the advanced nurse practitioner.
(d) Only those registered professional nurses whose credentials have been approved by the board may hold themselves out to be advanced nurse practitioners and/or use titles to imply that they are advanced nurse practitioners.
.005.   Identification. The advanced nurse practitioner should wear a name tag which identifies her or him as a registered nurse and the appropriate area of practice (i.e., family nurse practitioner, nurse midwife, pediatric nurse clinician, etc.).
.006.   Functions.
(a) Each advanced nurse practitioner shall practice in an area appropriate to her or his post-basic educational preparation.
(b) The advanced nurse practitioner may act independently or in collaboration with the health team in the maintenance of mental and physical health; in the prevention of illness; in management, observation, and counsel of the ill and injured; or in supervision and teaching of nursing.
(c) Functions of the advanced nurse practitioner shall be clearly delineated by a written statement of policies which include standard and emergency procedures.
(1) Advanced nurse practitioners who manage the medical aspects of care must have written policies jointly developed by the nurse practitioner and consulting physician(s) and signed by both the nurse and the physician(s). These policies shall be reviewed at least annually.

In their trial petition, appellants sought a declaration from the district court that:

(1) there is no authority, express or implied, under the statutes relating to the practice of professional nursing for the appellee Board to create or regulate specialty practice such as advanced nurse practitioners and, accordingly, the Board was without authority to promulgate rule 388.06.00;

(2) rule 388.06.00 is not reasonably related to or necessarily referable to any specific statutory provision relating to the practice of professional nursing;

(3) the Board does not have statutory authority to enlarge the scope of practice of professional nursing beyond Tex.Rev. Civ.Stat. art. 4518;

(4) rule 388.06.00 attempts to place restraints and proscriptions upon professional nurses and provide for disciplinary action for violation of such rules;

(5) rule 388.06.00 is vague and indefinite and fails to give fair notice as to what nursing conduct is permitted and what is proscribed, thereby violating appellants' due process rights. Specifically in this context, the appellants requested a declaration by the court of the rights, duties, and responsibilities of advanced nurse practitioners and other duly licensed nurses and physicians with respect to:

(2) The scope and detail of said policies may vary in relation to the complexity of the situations covered and the area of practice and educational preparation of the individual advanced nurse practitioner.

(d) Within the limitations of her or his educational preparation and within written statements of policy, an advanced nurse practitioner may:

(1) assess the physical and/or mental health status of individuals through:

(A) eliciting and recording complete health and social histories and recording the results thereof,

(B) performing physical examinations, and

(C) performing simply laboratory tests necessary to ascertain health status;

(2) interpret information collected in a health assessment;

(3) formulate and initiate a health care plan;

(4) recommend nonprescriptive measures for relief of symptoms;

(5) refer deviations from normal to the appropriate health care professional;

(a) rule 388.06.006(d)(3).

(b) rule 388.06.006(d)(10).

(c) rule 388.06.006(a).

(d) rule 388.06.006(r)(i).

(e) rule 388.06.004(d).

■ The judgment of the district court did not declare any rights of the parties with respect to rule 388.06.00. Instead, the judgment simply granted appellee's motion for summary judgment and denied that of appellants. The judgment did recite that appellee Board was entitled to judgment upon the grounds enumerated in its amended motion for summary judgment. Examination of such amended motion shows that appellee Board claimed:

## II.

As a matter of law, the Texas Board of Nurse Examiners does have the statutory authority to make and issue the rules made the subject of this suit. The Nurse Practice Act establishes that it is the intent of the Texas Legislature that the Defendant should have the authority to make the rules that the Plaintiffs seek to challenge. The rules are reasonably related to and referable to the provisions of the Nurse Practice Act.

(6) provide health education;

(7) initiate and maintain health records;

(8) evaluate health care provided and modify as needed;

(9) work collegially with other health care professionals and agencies to provide and, where appropriate, coordinate services to individuals, families, and groups; and

(10) perform medical functions delegated by and done under the control and supervision of a physician licensed by the Texas State Board of Medical Examiners.

(e) Functions of the advanced nurse practitioner must be within the scope of the Texas Nurse Practice Act and shall not be in violation of the Medical Practice Act of Texas, the Texas pharmacy law, or any Texas drug laws.

.007. Enforcement. Any nurse who violates these rules shall be subject to disciplinary action by the board under Article 4525, Texas Revised Civil Statutes.

### III.

The Defendant has not enlarged the scope of the practice of professional nursing beyond that set forth in TEX. REV.CIV.STAT.ANN. art. 4518. The rules made the subject of this suit only authorize acts that come within the definition of professional nursing. Also, the rules reflect the clear legislative intent to distinguish between nurses on the basis of nursing education.

### IV.

If any restrictions, burdens or conditions have been placed upon the Plaintiffs, such restraints have been within the statutory authority of the Defendant and have not exceeded the intent of the Texas Legislature and are not inconsistent with statutory provisions.

### V.

The rules made the subject of this suit do not violate the due process rights of the Plaintiffs. These rules do not violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the Texas Constitution. The Defendant's rules are not unconstitutionally vague or indefinite.

### VI.

The rules made the subject of this suit are not contrary to nor do they violate TEX.REV.CIV.STAT.ANN. art. 4518, sec. 5 and 6 and the sections of the Medical Practice Act of Texas a set forth in art. 4518, section 6.

Appellants point out in their briefs that these grounds were not sufficiently specific to provide them with adequate information for opposing the motion and to define the issues for the parties. Should this Court assume that the grounds asserted in the amended motion for summary judgment suffice, then the district court's espousal of these general assertions fall short of meeting the declaratory relief requested in appellants' petition.

■ The rule of law pursuant to the Declaratory Judgment Act, Tex.Rev.Civ. Stat.Ann. art. 2524–1 (1965), is that if a declaratory judgment will terminate the uncertainty or controversy giving rise to the law suit, the trial court is duty-bound to declare the rights of the parties as to those matters upon which the parties join issue. *Calvert v. Employees Retirement System of Texas,* 648 S.W.2d 418 (Tex.App.1983, writ ref'd n.r.e.); Calvert, *Declaratory Judgments in Texas,* 14 St. Mary's L.J. 1 (1982). This Court perceives no reason why the same rule should not obtain in a declaratory judgment suit filed pursuant to Tex.Rev.Civ.Stat.Ann. art. 6252–13a § 12 (Supp.1984).

It is the duty of the trial courts to make the Declaratory Judgment Act and § 12 of the Administrative Procedure and Texas Register Act useful tools in the solution of legal problems and controversies. Neither the Declaratory Judgment Act nor § 12 was conceived as a device for use solely by the advocate to obtain a favorable declaration; rather, it was intended for use by the courts to make a correct declaration of the matters at issue, once jurisdiction has attached, whether the particular declaration given by the court is sought by one or several or none of the parties to the litigation. Calvert, *Declaratory Judgments in Texas, supra; see Guilliams v. Koonsman,* 154 Tex. 401, 279 S.W.2d 579 (1955).

In *Robert T. Foley Co. v. Washington Suburban Sanitary Commission,* 283 Md. 140, 389 A.2d 350 (1978), the plaintiffs sought a declaratory judgment that certain sewage charges were unconstitutional and also sought a declaration that the resolutions imposing the charges were invalid as violating contractual rights. On appeal, the plaintiffs complained of the trial court's failure to declare their rights with respect to the latter question. In responding to that complaint, the court of appeals wrote that "the circuit court did not deal with this question," and added that the circuit court's decree recited "only that the defendant's motion for summary judgment was granted and the plaintiff's motion was

denied." The court then quoted from a prior opinion as follows:

> While a declaratory decree need not be in any particular form, it must pass upon and adjudicate the issues raised in the proceeding, to the end that the rights of the parties are clearly delineated and the controversy terminated ..." In the instant case, it is clear that the circuit court erred by failing to set forth in its judgment a declaration of the party's rights with regard to the issues raised.

Having so held, the appellate court vacated the circuit court's judgment and remanded the cause for entry of a new judgment which would "include a declaration of the rights of the parties."

The district court's judgment in this appeal scarcely informed appellants of the matters resolved so that they could intelligibly prepare and present the issues on appeal. In the absence of a judgment declaring anything, the appellants were compelled to advance their entire argument to this Court just as they had done in district court.

Appellants were entitled to a judgment from the district court declaring the law with respect to the contentions asserted in their trial petition. The district court was not obligated to make a declaration favorable to appellants or appellee, but it was duty-bound to make declarations resolving the matters placed at issue by the declaratory judgment petition. The district court's failure to do so was error.

Appellants pray that the judgment be reversed and "the cause remanded to the trial court." This Court concludes that the proper disposition under this general prayer for relief is to set aside the judgment, abate the appeal, and order the district court to render judgment declaring the rights of the parties as to those matters upon which the parties joined issue.

The judgment shall then be filed with this Court by way of supplemental transcript, on or before April 3, 1985. The appellants will be allowed thirty days after the date the supplemental transcript is filed to file a brief and the appellee will be allowed twenty-five days after appellants' brief is filed to file a reply brief. Additional oral argument will not be permitted.