**KENNESAW LIFE & ACCIDENT INSURANCE COMPANY,**
Appellant,

v.

**John GOSS and Eitan Levy, Appellees.**

**No. A14–84–786–CV.**

Court of Appeals of Texas,
Houston (14 Dist.).

April 11, 1985.

Rehearing Denied May 16, 1985.

James H. Pearson, DeLange, Hudspeth, Pitman & Katz, Houston, for appellant.

William J. Rohrbach, Sullins, Johnston, Rohrbach & Magers, Jesse R. Funchess, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a declaratory judgment in which appellees were declared to be the fee simple owners of certain real property located in Harris County. The judgment also voided deeds in defendant Straite's chain of title, ordered defendant Straite to pay damages to the appellees for the dispossession of appellees' tenant from the property, and ordered appellant to pay the fees of the appellees' attorney.

In five points of error the appellant challenges the sufficiency of the evidence to support the trial court's declaration of fee simple title in the appellees, alleges the trial court lacked jurisdiction because there was no justiciable controversy between the appellant and appellees, and asserts the trial court abused its discretion in using the Declaratory Judgments Act to settle a title dispute and thereby order appellant to pay attorney's fees which were otherwise not recoverable. Appellees allege in three cross-points of error that appellant lacks standing to challenge the declaration of fee

simple title in the appellees, that declaratory judgment was a proper means of settling the title dispute, and that the trial court erred in failing to award appellees full damages as requested. We find that the trial court abused its discretion in assessing attorney's fees against the appellant.

On September 21, 1979, appellant conveyed the property in dispute by general warranty deed to S.T. and Erma Jean Stewart. The deed was recorded on June 17, 1981. On April 7, 1982, the Stewarts conveyed the property to the appellees, who recorded the conveyance on April 16, 1982. On July 15, 1982, appellant conveyed the same property to Beatrice Straite, who then conveyed to defendant Wilma Straite on August 11, 1982. Wilma Straite brought a Forcible Entry and Detainer suit against the appellees' tenant, at which point the appellees brought suit against Straite and the appellant, claiming superior title to the property and seeking a declaration of the rights and liabilities of the parties to the deeds. Specifically, appellees sought a declaration that they are the sole owners of the property, a cancellation of the deeds in defendant Straite's chain of title, damages for the dispossession of appellees' tenant by defendant Straite, costs and reasonable attorney's fees. Defendant Straite answered with a "not guilty" plea and general denial. Appellant answered with a disclaimer of any interest in the property, admitted ownership in the appellees and denied damages and costs. In a trial to the court without a jury the court entered a declaratory judgment in favor of the appellees.

In its first four points of error the appellant alleges the trial court erred in rendering judgment for the appellees as there is no evidence, or insufficient evidence, to support the court's Finding of Fact and Conclusion of Law that appellees are the fee simple owners of the property, or that such finding is against the great weight and preponderance of the evidence. Appellant bases this contention on the fact that appellees' Exhibit No. 3, which was the general warranty deed conveying the property from the Stewarts to the appellees, was never admitted into evidence, thus the appellees failed to establish a superior chain of title. By cross-point of error one, appellees allege appellant lacks standing to appeal this finding because appellant judicially admitted the facts necessary to support this finding in its Original Answer and Disclaimer. In its answer appellant disclaimed any right, title or interest in the property, admitted erroneously deeding the property to defendant Straite, and asked the court to declare fee simple ownership in the appellees. An admission in a trial pleading is regarded as a judicial admission requiring no proof of the admitted fact and authorizing the introduction of no evidence which contradicts it. *Davis v. Quality Pest Control*, 641 S.W.2d 324 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). The appellant never withdrew the disclaimer, thus it can not now deny fee simple ownership in the appellees. Appellees' first cross-point of error is sustained, and appellant's first four points of error are overruled.

In its fifth point of error appellant contends the trial court lacked jurisdiction because there was no justiciable controversy between the appellant and appellees since appellant disclaimed all interest in the property, and asserts the trial court abused its discretion in using the Declaratory Judgments Act to settle a title dispute and to order appellant to pay attorney's fees.

The Uniform Declaratory Judgments Act, Tex.Rev.Civ.Stat.Ann. art. 2524-1 (Vernon 1965), provides that any person interested under a deed may have determined any question of construction or validity arising under the instrument and obtain a declaration of rights, status, or other legal relations thereunder. The purpose of the Act is to provide a procedural device whereby litigants can obtain a judicial determination of a controversy. If a justiciable controversy exists, the trial court has discretionary power to enter such a judgment. *See Bexar-Medina-Atascosa Counties Water Control and Improve-*

*ment District No. 1 v. Medina Lake Association,* 640 S.W.2d 778 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.), and cases there cited. However, the Act confers neither new substantive rights upon the parties nor additional jurisdiction on the courts; it merely provides a procedural device for the determination of controversies which are already within the court's jurisdiction. *Crawford v. City of Houston,* 600 S.W.2d 891 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

■■■ An examination of the pleadings reveals that this suit was brought by the appellees to remove a cloud on their title to the property. While the Act specifically provides a procedural method for the construction or validity of deeds by those whose rights are affected by such instruments, the substantive rights of the parties are governed by the Trespass to Try Title statutes, Tex.Prop.Code Ann. §§ 22.-001–.045 (Vernon 1984). The appellant would not have been a proper defendant under these statutes since the defendant must be the person in possession of the premises or some person claiming title to the premises. *See* Tex.R.Civ.P. 784. By its pleadings appellant disclaimed all interest in the property and was not in possession of the property, thus appellees would not have recovered any damages against appellant in a Trespass to Try Title action. *See also* Tex.Prop.Code Ann. § 22.021 (Vernon 1984); Tex.R.Civ.P. 805. Here the appellees sought damages against appellant and defendant Straite and were properly awarded damages only against defendant Straite since appellees pled no specific cause of action against appellant and appellant disclaimed all interest in the property. Attorney's fees, which were generally pled, were assessed only against appellant. We also note that neither the pleadings nor the record indicates a breakdown of the attorney's fees incurred before and after appellant's disclaimer. We do not believe the legislature intended the Declaratory Judgments Act to be used in this manner. To hold otherwise would expand the Act's jurisdiction and afford relief in areas not contemplated by the Act's provisions. We

hold the trial court abused its discretion in assessing attorney's fees against appellant. We therefore sustain appellant's fifth point of error and overrule appellees' second cross-point of error.

In their third cross-point of error, appellees contend the trial court erred by not rendering judgment for the appellees for full damages as the great weight and preponderance of the evidence supported full damages.

■■■ Appellees pled damages of $70,-000.00 for lost rental income and loss of the opportunity to make improvements and secure a five-year option to purchase. The evidence on the damages issue consisted of testimony by appellee Goss and a realtor named Dobbs. The figures cited by both were based on comparable improved property in the area, however, and not on actual offers for the unimproved land as it then existed. The trial court's award to appellee of $1,820.00 as assessed against defendant Straite, representing the value of rental income lost by the dispossession of appellees' tenant, was generous considering appellees had no written proof of even that rental agreement. For the reasons discussed earlier, damages properly were not assessed against appellant. Therefore we find no error in the trial court's denial of further damages against appellant or defendant Straite. The appellees' third cross-point of error is overruled.

We reverse the judgment of the trial court insofar as it orders appellant to pay attorney's fees and render judgment that appellees take nothing against appellant. We affirm the remainder of the trial court's judgment.