**TEXAS WATER COMMISSION, Appellant,**

v.

**P.E. LINDSEY, F.M. Martindale, and Jack Martindale, Appellees.**

No. 09–91–300 CV.

Court of Appeals of Texas, Beaumont.

Oct. 8, 1992.

As Corrected Oct. 21, 1992.

Brian J. Zwit, Asst. Atty. Gen., Environmental Protection Div., Austin, for appellant.

John D. Stover, Austin, Richard C. Hile, Tonahill, Hile, Leister & Jacobellis, Jasper, for appellees.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This appeal results from a lawsuit filed by P.E. Lindsey, F.M. Martindale and Jack Martindale, appellees, against the Texas Water Commission (TWC), appellant. Suit was filed in the 1st Judicial District Court in and for Jasper County, Texas, Judge Joe Bob Golden, presiding.

Appellees tell us that their original suit is a suit for declaratory judgment, however, we view Plaintiffs' Original Petition as more of a request to the trial court to hold 68 statutory provisions of the Texas Solid Waste Disposal Act (TSWDA), unconstitutional, for the most part without reason. Succinctly stated, appellees' pleadings as well as their Motion for Summary Judgment are rather "scatter barrelled," taking no direct aim at each statutory provision. The particular sections requested to be determined unconstitutional were virtually all of the enforcement provisions found in TEX. HEALTH & SAFETY CODE §§ 361.181 through 361.405 (Vernon 1992). The trial court, upon motion for summary judgment and without articulation, struck dead 63 of the 68 statutory provisions as being void and

violative of the Texas and United States Constitutions. The sections determined to be unconstitutional were Texas Health and Safety Code § 361.181 through 361.345, inclusive. Appellant, TWC, appeals the trial court's final judgment setting forth six points of error. We shall only address appellant's first and sixth points of error for reasons hereinafter set forth.

Point of error six complains that the trial court's judgment is advisory. We agree. The trial court's judgment holds as unconstitutional a number of statutory provisions which are clearly inapplicable to appellees and the very limited factual presentation by appellees makes this clear.

■ Article V, Section 8 of the Texas Constitution does not empower district courts to render advisory opinion. *Firemen's Ins. Co. of Newark, New Jersey v. Burch*, 442 S.W.2d 331, 333 (Tex.1968).

In setting aside the trial court's judgment as hereinafter ruled, we shall afford the trial court the opportunity of explaining its basis for application of each statutory provision to the facts of this case. Point of error six is sustained.

In arriving at our decision to abate this appeal we believe a brief rendition of facts will be helpful.

By deed dated September 11, 1974, appellees purchased a tract of land in Lufkin, Angelina County, Texas, from Higgins Creosoting Company, Inc. The grantor in that deed previously operated a business on that property which required the use of creosote, a mixture of chemicals used to preserve wood.

On or about April 4, 1975, appellees sold this property to K.K. Green, K.W. Smith, and D.M. Vines and since that conveyance appellees have owned no interest in said property.

The present problem began when appellees received written notice that the subject property was being proposed for listing on the "state registry." This notice was sent to appellees sometime in September 1990. The "state registry" is a list of facilities identified by the TWC that pose an immediate and substantial endangerment to the public health and safety or to the environment due to a release or threatened release of hazardous substances. TEX.HEALTH & SAFETY CODE ANN. § 361.181 (Vernon 1992). On November 26, 1991, the TWC published notice in the Texas Register that it was proposing the property, now known as the Higgins Wood Preserving Site, for listing on the state registry. Tex.Water Comm'n, 16 Tex.Reg. 6875 (1991). The notice letters apparently designated appellees to be "potentially responsible persons" as that term is used in Section 361.271. It is however because of this designation that appellees filed suit claiming that the mere designation constitutes a finding that appellees are guilty and responsible for the cleanup of this facility. Appellees contend that the cleanup of this facility, which is now a shopping center, could cost up to thirteen million dollars even though there is no present estimation of cost.

Procedurally, appellees filed their Plaintiffs' Original Petition on June 10, 1991. Appellant filed its Defendant's Original Answer consisting of a general denial and motion to transfer venue on July 25, 1991. On September 20, 1991, appellees filed Plaintiffs' Motion for Summary Judgment which was subsequently set for hearing on October 10, 1991. On October 7, 1991, appellant (TWC) filed its Plea to the Jurisdiction alleging that venue was exclusive in Travis County, Texas. On October 10, 1991, the trial court heard the plaintiffs' motion for summary judgment and on October 16, 1991, the trial court signed a final judgment declaring Health and Safety Code §§ 361.181 through 361.345 to be void and violative of the Constitution of the United States and the Constitution of the State of Texas. Further, on October 16, 1991, the trial court signed an order denying appellant's motion for leave of court to shorten time for notice of hearing on defendant's motion to transfer venue and alternative motion for continuance of hearing on plaintiffs' motion for summary judgment. On October 18, 1991, the trial judge signed an order denying appellant's plea to the jurisdiction.

We have little to work with as far as the Final Judgment of the trial court is concerned. Appellees simply made a request that Sections 361.181 through 361.405 be held void as violative of the United States and Texas Constitutions and without rhyme or reason or any application to these parties the trial court granted same. We set forth the final judgment in its entirety:

## FINAL JUDGMENT

On this 10th day of October, 1991, came on to be considered the Motion for Summary Judgment of Plaintiffs, P.E. Lindsey, F.M. Martindale and Jack Martindale. Plaintiffs appeared by and through their attorney. Defendant appeared by and through its attorney. After considering the Motion for Summary Judgment, the Pleadings, the evidence and the argument of counsel, the Court determines that Texas Health and Safety Code Sections 361.181 through 361.345 violate U.S. Constitution Amendment 14, Texas Constitution Article 1, Sections 13, 16 and 19 and Texas Constitution Article 2, Section 1.

IT IS THEREFORE ORDERED that Texas Health and Safety Code Sections 361.181 through 361.345 be, and they are hereby declared void as being violative of the Constitution of the United States and of the Constitution of the State of Texas.

IT IS FURTHER ORDERED that cost in this cause is hereby taxed and assessed against Defendant.

SIGNED this 16 day of October, 1991.

/s/ Judge Joe Bob Golden
JUDGE PRESIDING

■ Obviously, our trial court confused an action brought pursuant to the Uniform Declaratory Judgment Act, TEX.CIV.PRAC. & REM.CODE §§ 37.001 *et seq.* (Vernon 1986) and a Motion for Summary Judgment brought under TEX.R.CIV.P. 166a.

As precedent for the abatement of this appeal we rely upon the case of *Bellegie v. Texas Board of Nurse Examiners,* 685 S.W.2d 431 (Tex.App.—Austin 1985, writ ref'd n.r.e.).

In *Bellegie,* the appellants filed a suit for declaratory judgment pursuant to the Administrative Procedure and Texas Register Act, TEX.REV.CIV.STAT.ANN. art. 6252–13a § 12 (Vernon Supp.1992). It was the *Bellegie* appellants' objective to obtain a declaration from the court as to the validity of certain rules promulgated by the appellee, Texas Board of Nurse Examiners. Appellants there, like our appellees here, filed motions for summary judgment, as did the Board. In that case the trial court granted the Board's amended motion for summary judgment and denied the *Bellegie* appellants' motions. The Austin Court of Appeals set aside the trial court's judgment, abated the appeal, and ordered the trial court to render judgment declaring the rights of the parties as to those matters upon which the parties had joined issue.

In the instant case, we are convinced that issues were joined on all 68 statutory provisions alleged to be unconstitutional. Our trial judge, like the trial judge in *Bellegie,* did not declare any rights of the parties respecting each of the statutory provisions determined to be unconstitutional. The trial court in *Bellegie* did however grant its judgment upon grounds enumerated in appellee's motion for summary judgment. Our trial court simply referenced appellees' Motion for Summary Judgment, pleadings, the evidence and argument of counsel without declaration.

*Bellegie* makes clear a trial court's obligation when dealing with the Declaratory Judgment Act:

The rule of law pursuant to the Declaratory Judgment Act, Tex.Rev.Civ.Stat. Ann. art. 2524–1 (1965) [*now Civil Practice and Remedies Code, Chapter 37*], is that if a declaratory judgment will terminate the uncertainty or controversy giving rise to the law suit, the trial court is duty-bound to declare the rights of the parties as to those matters upon which the parties join issue. [clarification on present statutory citation omitted] ...

It is the duty of the trial courts to make the Declaratory Judgment Act and § 12 of the Administrative Procedure and Texas Register Act useful tools in

the solution of legal problems and controversies. *Neither the Declaratory Judgment Act nor § 12 was conceived as a device for use solely by the advocate to obtain a favorable declaration; rather, it was intended for use by the courts to make a correct declaration of the matters at issue, once jurisdiction has attached, whether the particular declaration given by the court is sought by one or several or none of the parties to the litigation.* Calvert, *Declaratory Judgments in Texas, supra; see Guilliams v. Koonsman,* 154 Tex. 401, 279 S.W.2d 579 (1955). (emphasis ours)

We believe the trial court's obligation is clear. If a court holds 63 statutory provisions, or one, unconstitutional then such court is duty bound to definitively set forth in articulable terms not only its declaration but also a clear adjudication of the rights of the parties on the specific issues raised in the proceedings. Our trial court failed in this regard.

The *Bellegie* court cites *Robert T. Foley Co. v. Washington Suburban Sanitary Commission,* 283 Md. 140, 389 A.2d 350 (1978) which held, "In the instant case, it is clear that the circuit court erred by failing to set forth in its judgment a declaration of the party's rights with regard to the issue raised."

If the law were otherwise, how could litigants (or appellate courts) rightly determine whether the trial court's declaration fully and finally terminated the controversy? All are left to guess as to their respective status when the smoke finally clears. It is a serious venture to hold statutory law unconstitutional but even more serious to do so without apparent reason.

In view of the lack of the trial court's conformity to declaratory judgment requirements and in view of the failure of the trial court's judgment to inform appellant "of the matters resolved so that they could intelligently prepare and present the issues

on appeal," *Bellegie,* 685 S.W.2d at 435, we must abate this appeal.

█ The final judgment in our case declares nothing and our appellant, like the appellants in *Bellegie,* is compelled to advance a "shot-gun" argument to this Court. Stated another way, we are being asked to do what our trial court failed to do: declare the rights and issues between the parties. That job belongs to the trial court.

Even though our trial court chose not to directly address the jurisdictional issue raised by appellant as its first point of error, we are compelled to do so in order to justify not vacating the trial court's judgment for want of jurisdiction under appellant's point of error one.

█ We agree with appellees that the District Court in Jasper, Texas, has jurisdiction to hear, determine and declare the issues and rights of the parties as those issues and rights relate to or emanate from the constitutionality of the statutes themselves.[1] We, however, disagree with appellees that the Uniform Declaratory Judgment Act "confers" such jurisdiction upon the Jasper Court.

Appellees' position is that, TEX.CIV.PRAC. & REM.CODE ANN. § 37.004 (Vernon 1986) (Uniform Declaratory Judgment Act), confers jurisdiction upon a district court for challenge on constitutionality of the law, citing *Cobb v. Harrington,* 144 Tex. 360, 190 S.W.2d 709 (1945). We do not believe such to be the holding in *Cobb.* The Uniform Declaratory Judgment Act is not a grant of some special power, from a jurisdictional standpoint, that did not already reside in district courts. The Uniform Declaratory Judgment Act only provides a remedy where a court's jurisdiction in and to such matters already exists and does not in and of itself confer jurisdiction. *See Southwestern Bell Telephone Co. v. Public Utility Commission of Texas,* 735 S.W.2d 663 (Tex.App.—Austin 1987, no writ). The Uniform Declaratory Judgment Act confers neither new substantive rights

---

1. Appellees requested that the district court hold TEX.HEALTH & SAFETY CODE Sections 361.181 through 361.405 unconstitutional. The district court held §§ 361.181 through 361.345 unconstitutional without clarification in the record as to why the Court did not find §§ 361.401 through 361.405 unconstitutional.

upon parties nor additional jurisdiction upon courts. *Kennesaw Life & Acc. Ins. Co. v. Goss*, 694 S.W.2d 115 (Houston [14th Dist.] 1985, writ ref'd n.r.e.) Thus, the Uniform Declaratory Judgment Act does not carry its own jurisdiction.

■ We do find jurisdiction for this cause contained in Tex. Const. art. V, § 8, which provides in pertinent part:

Sec. 8. District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body.

This general residuary clause of the Constitution provides district courts with inherent or implied powers over such causes of action for which jurisdiction is not provided, by law or the Constitution, to another court.

■ The best we can understand appellant's position on the jurisdictional issue is that Tex.Health & Safety Code § 361.321 (one of the provisions held unconstitutional by our trial court) sets venue in Travis County, Texas and that such venue is jurisdictional in nature. This may be the case, however we must draw the fine distinction which we believe will make clear the reason the Jasper Court has jurisdiction.

Section 361.321 is a legislative act establishing venue in the district court of Travis County, Texas, for the *appeal* of actions taken by a department of the TWC or action taken by the TWC itself. We shall refer to this particular statutory provision as the venue provision for matters relating to rulings, orders, decisions or other acts of the department or the commission.

Venue is proper and exclusive in Travis County, Texas, under § 361.321 where the issue or issues relate to the application of the legislation by the Agency, i.e., the manner in which the Agency applies such legislation. If it is only the application of the legislation in question, then the authority to determine how same shall apply rests in the hands of appellant, Texas Water Commission, subject to the appeal provisions contained in § 361.321 which establishes exclusive venue in Travis County. Where application of the statute or statutes by the Agency is questioned, appellees are provided a method of attacking same: If a complainant is complaining of a ruling, order, decision, or other act of the department or the Commission, then recourse lies only through § 361.321 where the issue becomes whether the action taken against appellees was invalid, arbitrary, or unreasonable. Venue in such a case is in Travis County exclusively.

A second, and distinct avenue available to parties is found in Art. 6252–13a, Section 12, Administrative Procedure and Texas Register Act. We believe Section 12 to be jurisdictional in nature and that jurisdiction lies only in a district court of Travis County. Section 12 is the means by which a person or persons *affected by agency rules*, may question the *validity or applicability* of such rules. (emphasis ours) Here, again we are concerned about actions of the agency in applying or adopting rules.

In the case before us appellees are not appealing a rule, the validity of a rule, the applicability of a rule, a ruling, an order, a decision or other act of the agency. Here, if we understand appellees' requested relief, appellees are attacking the constitutionality of the legislation itself. We believe this to be a primary purpose for the enactment of the Uniform Declaratory Judgment Act. Section 37.004 of our Uniform Declaratory Judgment Act provides:

(a) A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

The mere fact that we hold the Uniform Declaratory Judgment Act to be a remedy available for appellees to make a constitutional attack upon the statutory provisions

in question should in no way be construed as giving merit to appellees' contentions and allegations of unconstitutionality. Appellees' pleadings and motion for summary judgment are very general in nature, leaving many questions to pure speculation as does the judgment entered by the trial court.

We overrule appellant's point of error one and hold that the Jasper District Court has jurisdiction to determine the issues and rights of the parties as these issues and rights may be constitutionally affected by the legislation itself.

We conclude that the proper disposition under appellants' general prayer for relief, (i.e. the TWC also request all other relief, in law and in equity, to which it is entitled), is to, and we do, set aside the trial court's judgment, abate this appeal, and order the trial court to render judgment declaring the right of the parties on all matters wherein the parties have joined issue.

Upon compliance the trial court's declarations shall then be filed by way of supplemental transcript, on or before October 30, 1992. Appellant shall then be allowed thirty (30) days after the date the supplemental transcript is filed to file a brief and appellees will be allowed twenty-five (25) days after appellant's brief is filed to file their reply brief. Additional oral arguments will not be permitted.

APPEAL ABATED.

BURGESS, Justice, dissenting.

I respectfully dissent. I would sustain the Commission's point of error attacking venue. TEX.HEALTH & SAFETY CODE ANN. § 361.321(a) (Vernon 1992) establishes Travis County as the proper county of venue when appealing an action by the Commission. Appellees state in their brief that "[a]ppellant does not point to, and cannot point to, any ruling, order, decision or other act of the *Commission* which is involved in this case". (emphasis theirs) However, but for the executive director's determination that the subject property was to be listed in the Texas Register in accordance with TEX. HEALTH & SAFETY CODE ANN. §§ 361.181–.202 (Vernon 1992) and that appellees were

potentially liable parties, there would have been no case and controversy and no necessity for a suit for declaratory judgment to be filed in Jasper County. An attack on the constitutionality of the enforcement scheme is but a more grandiose way of attacking the entire enforcement scheme. Therefore, looking at the substance of the complaint, I conclude section 361.321(a) is controlling. Rather than abate the appeal, I would sustain the point of error and order the matter transferred to a district court in Travis County.