**TEXAS WATER COMMISSION,**
Appellant,

v.

**P.E. LINDSEY, F.M. Martindale, and Jack Martindale, Appellees.**

**No. 09–91–300 CV.**

Court of Appeals of Texas,
Beaumont.

April 15, 1993.

Rehearing Denied May 13, 1993.

---

Brian E. Berwick, Asst. Atty. Gen., Austin, for appellant.

John D. Stover and Richard C. Hile, Law Offices of Richard C. Hile, Austin, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

PER CURIAM.

This matter is again before us following our opinion of October 8, 1992, which abated this appeal with instructions to the trial court to render judgment declaring the rights of the parties on all matters.

The trial court has now entered Final Declaratory Judgment dated October 28, 1992, which supersedes and replaces that Final Judgment entered by the trial court on October 16, 1991. This new Final Declaratory Judgment sets forth more clearly those declarations made by the trial court why TEX.HEALTH & SAFETY CODE ANN. §§ 361.181 through 361.202 (Vernon 1992) and §§ 361.230 through 361.345 (Vernon 1992) were determined to be unconstitutional.

Based upon the Final Judgment of October 16, 1991 and the contentions of appellees, we determined that the District Court of Jasper County, Texas did indeed have jurisdiction pursuant to the Uniform Declaratory Judgment Act, TEX.CIV.PRAC. & REM.CODE ANN. § 37.004 (Vernon 1986), to determine the validity or constitutionality of those statutes which are the subject matter of these proceedings. In view of the original Final Judgment entered, the record before us, and appellees contentions, we determined that appellees' attack was upon the constitutionality of those referenced statutes and not an attack upon the validity of a rule, the applicability of a rule, a ruling, an order, or *a decision or other act of the Agency.* (emphasis ours) As stated in our opinion of October 8, 1992, "Here, if we understand appellees' requested relief, appellees are attacking the constitutionality of the legislation itself."

We now have before us a more definitive declaration by the trial court setting forth its reasons for declaring these cited statutes unconstitutional.

We give particular heed to certain portions of the Final Declaratory Judgment:

1. Texas Health and Safety Code §§ 361.181 through 361.202 together with Texas Health and Safety Code Subchapters I (§§ 361.271 through 361.280), K (§§ 361.321 through 361.323) and L (§§ 361.341 through 361.345) (collectively the "Superfund Act") violate the Plaintiffs' rights of due process and due course of law as guaranteed under Texas Constitution Article I, Sections 13 and 19 and U.S. Constitution Amendment 14 because:

· · · · ·

c. Plaintiffs were not given any notice prior to the Executive Director of the Texas Water Commission ("Commission") determining that they were "potentially responsible parties" ("PRPs") for the Higgins Wood Preserve Proposed State Superfund Site (the "Site");

· · · · ·

e. The determination that Plaintiffs are PRPs imposes on them liability for costs, including attorney's fees and litigation costs, and duties with respect to the Site which have already been incurred and accrued if they are unsuc-

cessful in contesting the determination that they are PRPs;

.    .    .    .    .

Subparagraph C of the judgment constitutes a direct declaration by the trial court regarding an act of the Texas Water Commission. It is now clear to this Court that appellees' basic complaint goes directly to appellant's determination that appellees are PRPs. This clearly constitutes an attack upon "a decision or other act of the Agency."

Subparagraph "e" is likewise a declaration regarding the "determination that Plaintiffs are PRPs ..." We can only conclude that such finding or declaration by the trial court goes directly to "a decision or other act of the Agency."

In our opinion of October 8, 1992, we drew a fine distinction why we believed the Jasper District Court had jurisdiction over the subject matter of this case. We held that TEX.HEALTH & SAFETY CODE ANN. § 361.-321 (Vernon 1992) established venue in the District Court of Travis County, Texas for appeals relating to actions taken by a department of the Texas Water Commission or actions taken by the Texas Water Commission itself. We specifically held venue to be proper and exclusive in Travis County, Texas, "where the issue or issues relate to the application of the legislation by the Agency, i.e., the manner in which the Agency applies such legislation."

Now that this Court has a more detailed declaration and determination from the trial court regarding "why" the Texas Health & Safety Code is unconstitutional, we believe it is clear that the underlying thrust of the Final Declaratory Judgment is directed toward acts of the appellant, Texas Water Commission. Appellees' opening factual statement of their brief presently under consideration begins, "[a]ppellees received a letter from Appellant dated September 25, 1990, advising them that the Executive Director of the Texas Water Commission had determined that they are Potentially Responsible Parties.... The letter goes on to state: 'PRPs are jointly and severally liable....' The Court should note that this letter uses the phrase 'are ... liable' and not 'may be' liable."

Obviously, the determination of "who" is liable is a determination made by appellant, Texas Water Commission. TEX.HEALTH & SAFETY CODE ANN. § 361.271 (Vernon 1992) only defines what constitutes PRP status. It is the Agency, Texas Water Commission, which makes the individual determination. Thus, we cannot escape the conclusion that appellees' complaints have their genesis in "a decision or other act of the Agency."

Although appellees have presented intriguing constitutional questions, it is clear that these questions are not addressable by this Court.

In the October 8, 1992 opinion from this Court, Justice Burgess filed a dissenting opinion holding that this matter should be transferred to Travis County. The majority of this Court held that abatement was proper pursuant to *Bellegie v. Texas Bd. of Nurse Examiners*, 685 S.W.2d 431 (Tex. App.—Austin 1985, writ ref'd n.r.e.).

We now determine, in view of the new Final Declaratory Judgment of October 28, 1992, that jurisdiction of this cause lies in Travis County, Texas. In so doing, we do not overrule our October 8, 1992 opinion, wherein we held that jurisdiction was proper in Jasper County, Texas for actions brought pursuant to Uniform Declaratory Judgment Act, TEX.CIV.PRAC. & REM.CODE ANN. § 37.004 (Vernon 1986), by:

(a) A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, *statute*, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder. (emphasis ours)

The trial court's Final Judgment of October 16, 1991 simply held as follows:

IT IS THEREFORE ORDERED that Texas Health and Safety Code Sections 361.181 through 361.345 be, and they are hereby declared void as being violative of

the Constitution of the United States and of the Constitution of the State of Texas.

The wisdom of *Bellegie* is apparent. Abatement for clarification and declaration provides that enlightenment for determining whether a trial court is considering only constitutional issues relating to the legislation itself, or whether the trial court focus is upon decisions or other acts of an Agency.

■ There is no power in a district court to review an administrative decision unless a proper statute vests special jurisdiction in that particular district court to review administrative decisions. *Stone v. Texas Liquor Control Board,* 417 S.W.2d 385 (Tex.1967); *Sells v. Roose,* 769 S.W.2d 641 (Tex.App.—Austin 1989, no writ). Jurisdiction is not presumed when it is solely a creature of a statute as in the case before us. *Carter v. Dean,* 660 S.W.2d 866 (Tex. App.—Austin 1983, no writ).

Having determined jurisdiction to be exclusive in Travis County, Texas, all further proceedings shall be had in Travis County, Texas. TEX.HEALTH & SAFETY CODE ANN. § 361.271 (Vernon 1992). This does not constitute a venue transfer to a particular court in Travis County, Texas. Obviously, the procedural nature of further proceedings shall determine the court.

Appellant has brought six points of error, all of which address constitutional issues. Appellant makes no reurging of its previously argued venue point. This, however, does not base our present opinion on unassigned error in view of the Final Declaratory Judgment entered October 8, 1992. The judgment of the district court is reversed and the cause remanded to that court to be dismissed for want of jurisdiction.

REVERSED AND REMANDED.