Troy W. SIMMONS, Appellant,

v.

TEXAS STATE BOARD OF DENTAL EXAMINERS, Appellee.

No. 12–94–00174–CV.

Court of Appeals of Texas, Tyler.

Aug. 30, 1995.

VaLita Waits–Abraham and Deborah J. Race, Tyler, for appellant.

Dan Morales; Karen Pettigrew; and Suzanne Formby Marshall, Austin, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HADDEN, Justice.

This is an appeal from a suit seeking judicial review of an order of the Texas State Board of Dental Examiners. On September 16, 1993, following a series of administrative proceedings, the Texas State Board of Dental Examiners ("the Board") revoked the dental license of Appellant, Troy W. Simmons ("Simmons"), pursuant to the provisions of the DENTAL PRACTICE ACT. TEX.REV.CIV.STAT. ANN. art. 4543, *et seq.* (Vernon Supp.1994). Simmons appealed the Board's decision to district court for judicial review. The district court dismissed the case for lack of jurisdiction on the grounds that Simmons had not complied with the judicial review requirements of Section 2001 of the ADMINISTRATIVE PROCEDURE ACT of the TEXAS GOVERNMENT CODE.[1] Hence, Simmons appeals to this Court. We will affirm.

Because the procedural prerequisites for judicial review are controlling, a review of the pertinent steps taken by the parties is necessary. From the record, it appears that on September 20, 1993, the Board gave notice of its action revoking Simmons' dental license by mailing a copy of its order to his attorney. On the same date, Simmons filed a motion for rehearing with the Board. On September 30, 1993, while the motion for rehearing was still pending, Simmons initiated judicial review by filing his petition in state district court. Realizing that this ap-

---

1. ADMINISTRATIVE PROCEDURE ACT, TEX.GOV'T CODE ANN. § 2001.001, *et seq.* (Vernon Supp.1995), herein-after "APA."

peal had been prematurely filed, Simmons filed a "Motion to Stay Proceedings" in the district court case on October 14, 1993, requesting that the court stay the proceeding until Simmons had exhausted all of his administrative remedies. The court granted this motion on October 18, 1993.

In response to Simmons' petition for judicial review, the Board filed its original answer on October 25, 1993, in which it challenged the jurisdiction of the district court. The Board claimed that Simmons had not strictly followed the judicial review procedures prescribed by Section 2001 of the APA; therefore, Simmons did not successfully invoke the district court's jurisdiction.

On November 4, 1993, Simmons' motion for rehearing was overruled by operation of law. Simmons did not refile the suit for judicial review with 30 days of this ruling. Instead, on November 17, 1993, Simmons filed a "Motion to Reinstate Appeal," pointing out to the court that he had exhausted his administrative remedies and was seeking to reinstate the case, which had been prematurely filed. The court set a hearing on the motion for January 6, 1994. However, because Simmons and his attorney failed to appear, the court denied the motion.

On January 31, 1994, Simmons filed a motion to set aside the order of January 6, 1994, and again requested the court to reinstate the appeal previously filed. Simmons alleged that his failure to appear at the January 6 hearing was the result of a mistake, and was not an intentional act or the result of conscious indifference. It appears from the affidavits attached to the motion that Simmons' attorney erroneously believed that the hearing was at 1:30 p.m., when in fact it was scheduled and heard at 1:00 p.m. When Simmons' attorney appeared at 1:30, according to her affidavit: "The judge then came from his chambers and took the bench. He informed me that the hearing was at 1:00 p.m." When counsel inquired of the court if he had made a decision, the court replied "I denied the motion ... and I meant what I said." The record does not reflect a separate action by the trial court on Simmons' motion to set aside the January 6, 1994 order and to reconsider reinstatement. Rather, on February 11, 1994, the trial court held a hearing on the Board's plea to the jurisdiction, granted it and dismissed the suit.

■ In points of error one, three, and five, Simmons contends that the court erred in dismissing the appeal for lack of jurisdiction. He claims that he substantially complied with the provisions of the APA, and that his petition for judicial review should be deemed to have been filed on the date of, and subsequent to, the date on which the motion for rehearing was overruled by operation of law. Further, he claims that the court erred in denying the motion for reinstatement of the appeal. The Board argues that the method prescribed by the Legislature for transferring controversy from the administrative branch to the judicial branch must be strictly followed in order to confer jurisdiction on a reviewing court. We agree.

■ An appeal from an administrative agency is not a matter of right. *Texas Alcoholic Beverage Commission v. Sfair*, 786 S.W.2d 26, 27 (Tex.App.—San Antonio 1990, writ denied). Due process does not even require judicial review of an administrative decision. *Blair v. Texas Dept. of Human Services*, 837 S.W.2d 670, 671 (Tex.App.—Austin 1992, writ denied). However, when judicial review is set out by statute, its provisions must be strictly complied with in order to vest the district court with jurisdiction. *Sfair*, 786 S.W.2d at 27.

■ In Texas, the APA controls the steps necessary to perfect an appeal from an administrative agency to the courts. *Texas State Bd. of Pharmacy v. Kittman*, 550 S.W.2d 104, 106 (Tex.Civ.App.—Tyler 1977, no writ). Moreover, the Legislature has specifically stated that the APA applies to proceedings brought pursuant to the DENTAL PRACTICE ACT. TEX.REV.CIV.STAT.ANN. art. 4548h, § 2(a) and art. 4549, § 4(b) (Vernon Supp.1994).[2] The pertinent parts of the APA are as follows:

2. Art. 4548h, § 2(a) states, in pertinent part:
All revocations ... of licenses by the Texas State Board of Dental Examiners shall be

made in the manner provided by the ADMINISTRATIVE PROCEDURE AND TEXAS REGISTER ACT ["APTRA," now the APA].

**2001.144. Decisions: When Final**

(a) A decision in a contested case is final:

. . . . .

(2) if a motion for rehearing is filed on time, on the date:

(A) the order overruling the motion for rehearing is rendered; or

(B) the motion is overruled by operation of law;

. . . .

**2001.145. Motions for Rehearing: Prerequisites to Appeal**

(a) A timely motion for rehearing is a prerequisite to an appeal in a contested case. . . .

(b) A decision that is final under Section 2001.144(a)(2) . . . is appealable.

**2001.146. Motions for Rehearing: Procedures**

. . . . .

(c) A state agency shall act on a motion for rehearing not later than the 45th day after the date on which the party or the party's attorney of record is notified . . . or the motion for rehearing is overruled by operation of law.

. . . .

**2001.176. Petition Initiating Judicial Review**

(a) A person initiates judicial review in a contested case by filing a petition not later than the 30th day after the date on which the decision that is the subject of complaint is final and appealable.

TEX.GOV'T.CODE ANN. §§ 2001.144(a)(2)(B), 2001.145(a) & (b), 2001.146(c), 2001.176(a) (Vernon Supp.1995).

■ As we interpret the language of the APA, the legislative intent is clear and unambiguous. The Legislature intended that the motion for rehearing must first be overruled before the agency order becomes an appealable final order. The requirement of having a motion for rehearing overruled, thus exhausting administrative remedies, is a jurisdictional prerequisite to judicial review by the district court and cannot be waived by action of the parties. *Lindsay v. Sterling,* 690 S.W.2d 560, 563–64 (Tex.1985) (interpreting APTRA, the predecessor statute of the APA); *Butler v. State Bd. of Educ.,* 581 S.W.2d 751, 754–55 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); *Texas Alcoholic Beverage Comm'n v. Lancaster,* 563 S.W.2d 380, 381 (Tex.Civ.App.—San Antonio 1978, no writ); *Texas State Bd. of Pharmacy v. Kittman,* 550 S.W.2d 104, 107 (Tex.Civ. App.—Tyler 1977, no writ).

■ In the instant case, Simmons properly filed his motion for rehearing before the board on September 20, 1993. The motion was overruled by operation of law forty-five (45) days later, *i.e.* November 4, 1993. Consequently, November 4, 1993, was the date on which the decision became final and appealable. *See* TEX.GOV'T CODE ANN. § 2001.144(2)(B). Under Section 2001.176(a), Simmons was then required to file his petition within 30 days of this date in order to obtain judicial review of the matter. Simmons did not file suit within the 30 day time limit. Therefore, the district court did not obtain jurisdiction over the case.

One may sympathize with Simmons because of the effort that was made by the premature filing of his petition for judicial review and efforts to reinstate the petition as of the appropriate date. However, claims based on a similar factual situation were rejected by the Supreme Court in *Lindsay.* In that case, the petitioner filed a motion for rehearing, but appealed to the district court *before* the motion for rehearing was overruled. The Court of Appeals apparently had sympathy with this argument, noting that the premature filing was "only a procedural irregularity that does not affect the substantive rights of the party." *Lindsay,* 690 S.W.2d at 563. The Supreme Court, however, disagreed with that court's position and stated that the Legislature intended that the motion for rehearing must be overruled and the order become final before it is appealable. *Id.* The Court also stated that the

Art. 4549, § 4(b) provides:
The hearing and an appeal from the hearing [by the Board] are governed by the ADMINISTRA-

TIVE PROCEDURE AND TEXAS REGISTER ACT ["APTRA," now the APA].

prerequisites to review could not be waived by the parties' actions. *Id.*

The Third Court of Appeals addressed a similar issue in the context of a rate proceeding appeal in *El Paso Elec. Co. v. Public Utility Comm'n,* 715 S.W.2d 734 (Tex.App.— Austin 1986, writ ref'd n.r.e.). In that case, the appealing party filed a premature petition which failed to invoke the district court's jurisdiction. However, within the prescribed period of time after a second motion for rehearing had been overruled by operation of law, the complaining party filed a second petition for judicial review which properly invoked the district court's jurisdiction. Relying on the decision in *Lindsay,* the Austin Court of Appeals determined that the second petition, which was filed *after* the administrative order *became final,* was necessary to confer jurisdiction of the district court. *Id.* at 738. We agree with this application of *Lindsay.*

■ Appellant argues that he invoked the jurisdiction of the district court by complying with DENTAL PRACTICE ACT, article 4548(h), section 3(a), which provides as follows:

A person aggrieved by a ruling, order, or decision of the Board has the right to appeal to a district court in the county of his residence or in the county where the alleged offense occurred within thirty (30) days from the service of notice of the action of the State Board of Dental Examiners.

In view of the clear legislative intention expressed in the APA, we are not persuaded that the above-quoted provision of the DENTAL PRACTICE ACT is controlling. As we discussed above, the Legislature has clearly stated that the revocation procedure and subsequent appeals are governed by the APA. TEX.REV.CIV.STAT.ANN. art. 4548h, § 2(a) and art. 4549, § 4(b) (Vernon Supp.1994). Moreover, the APA is more recent and more specific in procedural detail, in that it provides a rehearing procedure and sets forth the time in which the decision becomes final and appealable to the district court. The APA appears to constitute the latest legislative expression concerning the procedures to be followed in appealing from an order of a state agency. Therefore, in this situation,

the more specific provisions of the APA prevail. *See generally,* TEX.GOV'T CODE ANN. § 311.026 (Vernon 1988); *City of Dallas v. Mitchell,* 870 S.W.2d 21, 22 (Tex.1994).

Simmons also cites several cases in support of his position. *Hale v. State,* 694 S.W.2d 212 (Tex.App.—Houston [1st Dist.] 1985, no pet.), *Panelli v. State,* 685 S.W.2d 400 (Tex.App.—San Antonio 1985), *aff'd,* 709 S.W.2d 655 (Tex.Cr.App.1986), and *Mayfield v. State,* 627 S.W.2d 474 (Tex.App.—Corpus Christi 1981, no pet.). However, these cases are inapplicable because they deal with notices of appeal in criminal cases. Inasmuch as the Legislature has promulgated provisions under the APA for appeal of agency decisions, we must look strictly to the APA for guidance in this case. *See Texas Water Comm'n v. Lindsey,* 855 S.W.2d 750 (Tex. App.—Beaumont 1993, writ denied). Although the strict applications of the APA may at times appear harsh, we feel constrained to follow these provisions, as the Supreme Court dictated in *Lindsay.* Any relief must come from the Legislature. Points of error one, three, and five are overruled.

Simmons' point of error two claims that the trial court abused its discretion when it failed to request that the Board transmit to the court a certified copy of the record in which the appeal had been taken. In point of error four, Simmons alleges that the trial court abused its discretion when it did not reverse the Board's unauthorized act of revoking Simmons' dental license. These two points of error deal with matters which would have been addressed by the trial court if it had jurisdiction. Inasmuch as we hold today that the trial court did not have jurisdiction in this matter, it is not necessary for us to address these points of error.

For the above reasons, we hold that the district court properly dismissed Simmons' appeal for lack of jurisdiction. The judgment of the trial court is **affirmed.**