ACCEPTED
01-14-00724-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/17/2015 9:38:11 AM
CHRISTOPHER PRINI
CLERK

**IN THE**

**FIRST COURT OF APPEALS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/17/2015 9:38:11 AM
CHRISTOPHER A. PRINE
Clerk

_____

**NO. 01-14-00724-CV**
_____

**RONNY PUGA AND RICKEY PUGA, Appellants**

**v.**

**BARBARA SALESI, Appellee**
_____

**On Appeal from the 133rd Judicial District Court
of Harris County, Texas
Trial Court Cause No. 2011-28575**
_____

**APPELLANTS' BRIEF**

**ORAL ARGUMENT IS NOT REQUESTED**

**Richard L. Petronella**
**Petronella Law Firm, P.C.**
**SBN 15852000**
**2421 Tangley, Suite 116**
**Houston, Texas  77005**
**Phone 713.965.0606**
**Fax 713.965.0676**
**Email richard@petronellalawfirm.com**

**Appellants' Attorney**

# TABLE OF CONTENTS

| ITEM | PAGE NUMBER |
|---|---|
| **IDENTITY OF PARTIES AND COUNSEL** | **iii** |
| **INDEX OF AUTHORITIES** | **iv, v** |
| **ORAL ARGUMENT** | **1** |
| **STATEMENT OF THE CASE** | **1** |
| **ISSUES PRESENTED** | **1, 2** |
| **STATEMENT OF FACTS** | **2 - 9** |
| **SUMMARY OF THE ARGUMENT** | **9** |
| **ARGUMENT** | **9 - 24** |
| **PRAYER** | **24** |
| **CERTIFICATE OF SERVICE** | **25** |
| **APPENDIX** | **26** |

# IDENTITY OF PARTIES AND COUNSEL

**Appellants**

**RONNY PUGA**
**RICKEY PUGA**

**Counsel for Appellants**

**PETRONELLA LAW FIRM, P.C.**
**Richard L. Petronella**
**SBN 15852000**
**2421 Tangley, Suite 116**
**Houston, Texas 77005**
**713.965.0606   Office Phone**
**713.449.6600   Mobile Phone**
**713.965.0676   Office Fax**
**richard@petronellalawfirm.com**

**Appellee**

**BARBARA SALESI, (now deceased), ESTATE OF BARBARA SALESI, DECEASED**

**FAUBUS KELLER & BURFORD, LLP**
**Dax O. Faubus**
**SBN 240110019**
**Courtney L. Culver**
**SBN 24026683**
**Nadia I. Gire**
**SBN 24076852**
**1001 Texas Avenue, 11th Floor**
**Houston, Texas 77002**
**Tel: 713.222.6400**
**Fax: 713.222.7240**
**dax@faubuskeller.com**
**courtney@faubuskeller.com**
**nadia@faubuskeller.com**

# INDEX OF AUTHORITIES

**ITEM**                                    **PAGE NUMBER**

**CASES**

Allen v Virginia Water Supply Corporation,
   609 S.W.2d 633 (Tex. App., Tyler, 1980, no history) …………....……11
Arthur Andersen & Co., v. Perry Equipment Corporation
   945 S.W.2d 812, (Tex. 1997) …………………………………….…15, 16, 17
Bocquet v. Herring, 972 S.W.2d 19 (Tex. 1998) ………………..…….15, 16
Brookshire Katy Drainage District v. Lily Gardens, Inc.,
   333 S.W.3d 301 (Tex. App. Houston [1st Dist. 2011], no petition) ……..21
Cruz v. Andrew's Restoration, Inc., 364 S.W.3d 817 (Tex. 2012) …....…..17
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
   241-42, (Tex. 1985) ……………………………………………….…16
Farmers Royalty Holding Co., v. Kulow,
   186 S.W.2d 318 (Tex. App., Galveston, 1945, judgment affirmed) ……..14
General Motors Corp., v. Bloyed, 916 S.W.2d 949, 961 (Tex. 1996) ……16
Green International, Inc., v. Solis 951 S.W.2d 384 (Tex. 1997) …….….…17
Gullo v. Chapa, 212 S.W.3d 299 (Tex. 2006) …………………………… 9, 18
Indian Beach Property Owner's Association v. Linden
   222 S.W.3d 682 (Tex. App., Houston, 1st Dist. 2007, no petition) ……...10
Kenneshaw Life & Accident Insurance Company v. Goss,
   694 S.W.2d 115 (Tex. App., Houston, [14th Dist.] 1985, writ ref'd n.r.e.) 19
Lile v. Smith, 291 S.W.3d 75 (Tex. App. Texarkana, 2009, no petition) …12
Martin v. Amerman, 133 S.W.3d 262, (Tex. 2004) …………………..11, 12
Martin v. Cockrell, 335 S.W.3d 229
   (Tex. App. Amarillo, Panel A, 2010, no petition) …………………...20, 21
Metropolitan Life Insurance Company v. Haney,
   987 S.W.2d 236, (Tex. App., Houston, 14th Dist. 1999, review denied)... 11
Ragsdale v. Progressive Voters League,  801 S.W.2d 880, (Tex. 1990) … 23
Ridge Oil Company v. Guinn Investments, 143 S.W.3d 143 (Tex. 2004).. 17
Spencer v. Eagle Star Insurance Company, 876 S.W.2d 154 (Tex. 1994)…17
Stewart Title v. Sterling, 822 S.W.2d 1 (Tex. 1991) …………………...16

**STATUTES**

**Statutes**

Section 5.006, Texas Property Code ……………………..………... 3, 9, 10
Section 16.034, Texas Civil Practice and Remedies Code …………..……20
Section 22.001, Texas Property Code ……………………………….…....11
Section 37.004, Texas Civil Practice and Remedies Code ……………..2, 12
Section 37.009, Texas Civil Practice and Remedies Code …9, 10, 11, 15, 20

## ORAL ARGUMENT IS NOT REQUESTED

Oral Argument is not requested by Appellants.

## STATEMENT OF THE CASE

On May 11, 2011, Barbara Salesi, ("Salesi"), filed suit against Rickey Puga and Ronny Puga, ("Puga"), seeking damages for harm caused by Puga to Salesi's real property and attorney's fees. In Salesi's prayer, Salesi also sought a declaration and judgment for title to and possession of real property, (Clerk's Record, hereafter "CR", pps. 4-13). Puga filed a general denial and sought attorney's fees, (CR, pps. 14-15). The trial court signed a judgment on July 29, 2014, awarding damages and attorney's fees to Salesi against Puga, from which this appeal is taken, (CR, pps. 29-41). The judgment did not determine or declare title, possession or boundaries. The trial court granted Salesi's motion to disregard jury findings regarding damages and attorney's fees for which there is no order in the record but which appear to have been granted as reflected in the Final Judgment, (CR, pps. 42-83, pps. 84-86).

## ISSUES PRESENTED

**ISSUE ONE. THE TRIAL COURT'S JUDGMENT IS IN ERROR AS A MATTER OF LAW.**

**ISSUE TWO. THE TRIAL COURT'S JUDGMENT IS IN ERROR, AS A MATTER OF LAW APPELLEE WAS NOT ENTITLED TO RECOVER ATTORNEY'S FEES AGAINST APPELLANTS IN THEIR ENTIRETY, OR IN THE ALTERNATIVE, IN PART.**

**ISSUE THREE.** THE TRIAL COURT'S JUDGMENT IS IN ERROR, AS A MATTER OF LAW APPELLEE WAS NOT ENTITLED TO RECOVER DAMAGES FOR ENCROACHMENT FROM APPELLANTS.

**ISSUE FOUR.** THE TRIAL COURT ERRED IN ITS CHARGE IN NOT SUBMITTING A JURY QUESTION ON THE ISSUE OF APPELLANTS' REASONABLE AND NECESSARY ATTORNEY'S FEES.

## STATEMENT OF THE FACTS

### *The Pleadings*

On May 11, 2011, Salesi filed her original petition against Puga claiming that Salesi owned real property and that the boundaries were established by a survey made as a result of a judgment in another suit between Salesi and Rosella Cole, (CR, pps 4-12), under Cause No. 2011-28575, (the "Cole Suit"). Salesi's petition claimed that Puga negligently removed a fence post and a survey iron from Salesi's property, that Puga claimed an interest in Salesi's property and Salesi sought damages and attorney's fees. Puga's answer contained only a general denial and did not claim any interest in Salesi's real property and was never amended, (CR, pps. 14-15). In Salesi's Second Amended Petition, her trial pleading, Salesi added claims for the recovery of damages incurred by Salesi in having to actually replace the fence post, (or the fence), survey iron on Salesi's property and for damages that Salesi would incur to remove Puga's "plumbing" on Salesi's property. (CR, pps. 16-27). Salesi also claimed attorney's fees against Puga pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code

2

and Section "5.06" of the Texas Property Code. In Salesi's prayer, Salesi also sought a declaration and judgment for title to and possession of real property.

### *Salesi's Pre-Trial Motion Regarding the Survey*

On April 2, 2012, Salesi filed a Motion to Enforce Court Order, or Alternatively Motion to Order Survey, (Supplemental Clerk's Record, hereafter "SCR", pps. 3-17). The motion asked the trial court to enforce an order entered in 2006 in the Cole Suit. A survey marked Exhibit B was attached to this motion (SCR, pps. 11,13,15,17), which is almost impossible to read in the Clerk's Record, but which is the same survey that was admitted into evidence at trial, (CRR, Volume 5, Exhibit 2), which states in the easier to read legend, (SCR, p. 15), that it is the "Boundary Line Survey between the Residue of Lot 10 and Lot 11, Block 18, Villa Acre Park Place." According to another survey exhibit, (CRR, Volume 5, Exhibit 2a), Salesi owned the "Residue of Lot 10" and Puga owned the "Portion of Lot 10." There was no evidence at trial that Puga ever owned Lot 11, and the only surveyed boundary line shown in the survey according to the legend was located between Lot 11, (which Puga never owned), and the Salesi's Residue of Lot 10. Puga did not file a response to this motion and it was granted on April 23, 2012, (the "April 2012 Order"), (SCR, p. 18). The April 2012 Order states only that the motion is "in all things GRANTED," – nothing is declared and it is not a judgment.

Salesi's motion was not filed as a motion for summary judgment and Salesi did not make an affidavit to admit the attached exhibits as evidence.

### *The Stipulations*

Prior to trial the parties stipulated that a PVC pipe installed by Puga ran across Salesi's property and that Salesi owned 8609 Findlay Street and Puga owned 8514 Detroit Street, (CRR, Volume 2, p. 19). The stipulation was made verbally to the trial court, but it does not appear from the record that the stipulations were in evidence in writing or that the stipulations were read to the jury as evidence.

### *Evidence at Trial*

Salesi testified that a survey, (CRR, Volume 5, Exhibit 2a), depicted Puga's property as the "Portion of lot 10, Ronny Puga", and located the survey iron markers, (Court Reporter's Record, hereafter "CRR" Volume 3, pps. 13-14). Salesi testified that in 2005, Puga took down a fence post on her property with her permission but without her knowledge replaced this fence post on Puga's property and installed a PVC pipe underground on her property near the fence post, (CRR Volume 3, pps. 16-20, 25). (Some of this is visually depicted on a demonstrative exhibit, [CRR, Volume 5h, Exhibit 24]). Salesi also testified that Puga laid a PVC pipe under and across her property, (CRR, Volume 3, p. 21, 24 and CRR, Volume 5g, Exhibit 8).

4

Salesi also testified that in October 2010, Puga's attorney sent a letter to Salesi in which Salesi was asked to remove a portion of her fence which Puga claimed encroached on Puga's property about six inches, (CCR, Volume 5h, Exhibit 10). In that letter, Puga did not claim that Puga owned any part of Salesi's property or that Puga was entitled to possession of any part of Salesi's property. Salesi testified that this was the first time she learned that Puga thought that Salesi might be encroaching on Puga's property, (CRR, Volume 3, p. 39).

Salesi testified that her surveyor reset one survey iron marker and confirmed that the fence post Puga moved was located on the Puga property, (CRR, Volume 3, p. 48). Salesi testified that the surveyor charged her $972.68 to "reset the pole" and "remark that property line" (CRR, Volume 3, p. 56). Salesi testified that Puga damaged three other fence posts on her property (CRR, Volume 3, pps. 53-56).

According to a written estimate from Carl F. Johnson, III, a contractor and Salesi's expert witness, ("Johnson"), (CRR, Volume 5b, Exhibit 6a-3), and his testimony at trial, it would cost, depending on the route, either $9,679.33 (CRR, Volume 5a, Exhibit 6-A-2) or $5,596.32 (CRR, Volume 5b, Exhibit 6-A-3), to reroute and remove Puga's PVC pipe from Salesi's property (CRR, Volume 3, p. 125-126). Johnson testified that it would cost $648.19 to reposition the fence post on Salesi's property that Puga located on Puga's property and to reset the three

5

missing fence posts, (CRR, Volume 3, p. 123 and CRR Volume 5a, Exhibit 6A-1-a – although Exhibit 6A-1-a states it is an estimate to replace a chain link fence).

Salesi testified that she incurred $27,000.00 in attorney's fees which were paid by her father but which she would repay, (CRR, Volume 3, pps. 57-58).

Salesi's attorney, Courtney Culver, ("Culver"), testified regarding Salesi's attorney's fees incurred by Salesi and her firm's invoices were admitted into evidence, (CRR, Volume 5h, Exhibit 17 and 17A). Culver testified that the attorney's fees were approximately $25,700.00 in April 2014, (CRR, Volume 3, p. 139), that handling matters through and post-trial would probably be an additional $15,000.00, (CRR. Volume 3, p. 141), and that the total fees billed to Salesi by the end of trial and post-trial would be approximately $52,000.00, (CRR, Volume 3, p 143).

Puga's attorney, George Young, ("Young"), testified that attorney's fees incurred by Puga were in the amount of $53,425.22, (CRR, Volume 4, pps. 1-11).

### The Jury's Verdict and Objections to the Charge

The jury answered Question 2, as follows (CR pps 29-44):

a)      Cost of replacing and repositioning the Puga Pipe Post from Defendants' Property to Plaintiff's property. Answer: $612.04

b)      Cost or replacing any other fence posts on Plaintiff's property. Answer: $486.15.

6

c)        Cost of replacing and repositioning the survey iron on Plaintiff's property. Answer: $972.68.

The jury answered Question 3 as follows:

Cost of removing and repositioning the plumbing line from Plaintiff's property to be within the boundaries of Defendants' property. Answer: $0.

The jury answered Question 4 in part as follows:

What sum of money would fairly and reasonably compensate Barbara Salesi for the attorney's fees and expenses she has paid and/or incurred as a result of this lawsuit. Answer: $35,000.00.

The jury answered the balance of Question 4 regarding Salesi's attorney's fees $0 for an appeal to the Court of Appeals and $0 for an appeal to the Supreme Court of Texas.

Salesi did not object to the Court's Charge, (CRR, Volume 4, p. 41). Over Puga's objection, the trial court did not allow Puga to submit a question to the jury on Puga's attorney's fees, (CRR, Volume 4, pps. 36-39). Puga objected to Question 3 of the Court's Charge for not including a question on whether all of Salesi's fence posts, other than the PVC pipe, were within the boundaries of Salesi's property. Puga also objected to the "granting of the encroachment that's summary judgment – or the granting of the directed verdict on the encroachment

… is without merit." The trial court overruled all of Puga's objections, (CRR, Volume 4, pps. 41-43).

### *Salesi's Motion to Disregard Jury Findings*

After trial Salesi filed a Motion to Disregard Jury Findings and Enter Judgment. (CR, pps. 42-80). Salesi argued that because the trial court granted a directed verdict that Salesi had proved an encroachment of the PVC plumbing line, the jury's answer of $0 was contrary to the undisputed evidence and should be disregarded. Salesi argued that the evidence from Johnson established the cost to remove the plumbing pipe was $5,146.32, that being the lesser of two cost estimate opinions of Johnson, (CR, p. 44). Salesi also argued that the Court should disregard the jury's answer that Salesi be awarded $35,000.00 in attorney's fees and instead award the amount that Salesi's attorney testified that were or would be incurred in the total amount of $51,169.36. Salesi did not argue that the $0 jury answer on attorney's fees of $0 on appeal should be disregarded.

Puga did not file a response to this motion and the trial court did not sign an order granting this motion, but the trial court did sign a judgment which awarded to Salesi the amounts requested in the motion against Puga.

### *The Judgment*

The trial court's judgment awarded Salesi a total of $7,217.19 in damages and $51,169.36, in attorney's fees. No attorney's fees were awarded to Salesi on

appeal.  Nothing about title, boundaries, any survey, or possession was declared, determined or even addressed in the judgment and the judgment recited that it "disposes of all parties and claims."

## SUMMARY OF THE ARGUMENT

Generally, attorney's fees are not recoverable in Texas unless allowed by contract or statute. Salesi's relied on two statutory grounds for recovery of attorney's fees: (a) Section "5.06" of the Texas Property Code, which does not exist and (b) Section 37.009 of the Texas Civil Practice and Remedies Code, (Uniform Declaratory Judgments Act, the "Act"), which does not apply and even if it does, Salesi failed to prove her attorney's fees were necessary as required by the Act and cases construing the Act.  Salesi is not entitled to recover "encroachment" damages as a matter of law.  Lastly, if this was a case under the Act, the trial court erred in not allowing Puga to ask the jury to determine the amount of Puga's reasonable and necessary attorney's fees.

## ARGUMENT

### *Salesi's Attorney's Fees Against Puga*

Generally, attorney's fees are not recoverable in Texas unless allowed by contract or statute.  Gullo v. Chapa, 212 S.W.3d 299 (Tex. 2006).  Salesi did not allege and there is no evidence of a contract between Salesi and Puga.  Whether attorney's fees are available under a particular statute is a question of law which is

9

reviewed de novo. <u>Indian Beach Property Owner's Association v. Linden</u>, 222 S.W.3d 682 (Tex. App., Houston, 1st Dist. 2007, no petition).

Salesi recovered $51,169.36 in attorney's fees from Puga. In Salesi's pleadings she relied on two statutory grounds for recovery of attorney's fees: (a) Section "5.06" of the Texas Property Code; and (b) Section 37.009 of the Texas Civil Practice and Remedies Code, (Uniform Declaratory Judgments Act, the "Act").

There is no Section "5.06" of the Texas Property Code. There is however Section "5.006" of the Texas Property Code which provides for attorney's fees in an action based on a breach of a restrictive covenant pertaining to real property. Since there is no Section "5.06" of the Texas Property Code, then obviously, there is no such law that would allow Salesi to recover attorney's fees from Puga. If Salesi meant Section "5.006" of the Texas Property Code, then at trial, no evidence was offered or admitted of a restrictive covenant or one that was breached. The facts recited in Salesi's pleadings and the facts and written evidence admitted at trial contain no proof of either the existence of a restrictive covenant or that Puga breached a restrictive covenant. In argument to the trial court, Salesi appeared to rely only on the Act to recover attorney's fees, (CRR, Volume 4, p. 37). As a matter of law, Salesi cannot recover attorney's fees from Puga based on Section "5.06" of the Texas Property Code, which does not exist, or Section "5.006" of the

10

Texas Property Code because a violation of a restrictive covenant was neither alleged nor proved.

Salesi also relied on Section 37.009 of the Act to recover attorney's fees from Puga.  Under the Act a trial court may award reasonable and necessary attorney's fees as are equitable and just.

Salesi's pleadings make claims for negligence, encroachment, title, possession, and a survey dispute. Puga made no claims to title or possession to any property in the trial court. As a matter of law, attorney's fees cannot be recovered for tortious conduct, which would include Salesi's negligence, a tort claim, Metropolitan Life Insurance Company v. Haney, 987 S.W.2d 236, (Tex. App., Houston, 14th Dist. 1999, review denied), and encroachment, a trespass claim, Allen v Virginia Water Supply Corporation, 609 S.W.2d 633 (Tex. App., Tyler, 1980, no history).  The trial court's charge only contained negligence, damages or attorney's fees questions and the jury only answered the negligence questions in the affirmative and found damages only on those questions.  If this case were only a title and possession dispute, which in turn, must be considered as a trespass to try title,  then attorney's fees cannot be recovered because the trespass to try title statute does not provide for the recovery of attorney's fees.  Section 22.001, Texas Property Code; Martin v. Amerman, 133 S.W.3d 262 (Tex. 2004).  In Martin it was also held that a boundary dispute is an action for title and possession, or

trespass to try title, and attorney's fees cannot be awarded, <u>Martin</u> at 267 - 268. In 2007, the Texas legislature, most commentators say in response to <u>Martin,</u> added the following Section (c) to Section 37.004 of the Texas Civil Practice and Remedies Code, (the Act):

> Notwithstanding Section 22.001, Property Code, (Trespass to Try Title), a person described in Subsection (a), may obtain a determination under this chapter when the sole issue concerning title to real property is the determination of the property boundary between two properties.

Puga argues that (1) this was not a suit under the Act and (2) even if it were, the requirements of the Act were not met. Consequently, there being no other statute on which Salesi did rely, as a matter of law, Salesi cannot recover attorney's fees from Puga.

First, this was not a suit under the Act. One may obtain a determination under the Act when the sole issue concerning title is the determination of a property boundary. One must look to determine if the heart of the controversy is to determine a boundary or its true aim is to determine title. <u>Lile v. Smith</u>, 291 S.W.3d 75, (Tex. App. Texarkana, 2009, no petition). In this case, Puga made no claim to title or possession of Salesi's property. Even Puga's letter only asked that Salesi remove part of a fence, (six inches), that Puga claimed was on Puga's property, Puga made no claim to title or possession of Salesi's property and in any event Puga did not plead for recovery of title and possession of any property. Salesi's real claims were that Puga was negligent in placing her post incorrectly on

12

Puga's property, that Puga was negligent in removing a survey iron, that Puga damaged three fence posts on Salesi's property and that Puga's plumbing pipe encroached on Salesi's property. Questions of negligence were the only questions submitted to jury on liability. The trial court's final judgment made no determination of title or possession, an encroachment, or the resolution of a boundary line, it simply awarded damages and attorney's fees. (*See* Lile at p. 78). The Act provides that a person may have determined any question of construction or validity under an instrument and the judgment in this case did nothing of the kind. The trial court's judgment did not declare rights, status or other legal matters as required by the Act and therefore was improper under the Act, Indian*, supra* at p. 700. The trial court did sign an order that granted Salesi's motion regarding a survey in the Cole Suit. This survey was marked Exhibit B1, B2, B3 and B4 and was attached to this motion (SCR, pps. 7-17). The legend to this survey states that it is the "Boundary Line Survey between the Residue of Lot 10 and Lot 11, Block 18, Villa Acre Park Place," (SCR, p. 15). According to another survey exhibit, (CRR, Volume 5, Exhibit 2a), Salesi owned the "Residue of Lot 10" and Puga owned the "Portion of Lot 10." The only surveyed boundary line shown in the survey according to the legend was located between Lot 11, which Puga did not own, (there was no evidence that Puga owned Lot 11 and the parties stipulated before trial that Puga owned "8514 Detroit Street," which was the Portion of Lot

13

10), and the Salesi's Residue of Lot 10.  Puga did not file a response to this motion and it was granted on April 23, 2012.  The April 2012 Order granting the motion states only that the motion is "in all things GRANTED," – nothing was declared in this order and no question of construction or validity of the survey was determined. The survey itself states in the legend that it is only a survey of a boundary line between lots other than the boundary line between Salesi's and Puga's boundary. The motion only asked that the trial Court enforce the 2006 Cole Order, bind the parties to the survey or order a new survey. Because the April 2012 Order merely granted all the relief requested no question of construction of the survey or indeed the validity of the survey was determined because the relief merely granted exactly what was requested, the survey would be enforced, the survey was binding, or it was not binding and a new survey was ordered.  In all events, the April 2010 Order was not a summary judgment which determined all fact issues as a matter of law. In all events, the survey  only determined the boundary between Salesi' property and adjacent property, Lot 11,  and Lot 11 was not and never owned by Puga.  In all events, the April 2012 Order was not incorporated into the judgment.  A claim or demand, being in a suit, and passing to final judgment, is merged into the final judgment, loses its meaning and importance, and cannot thereafter be used as a cause of action since all claims are merged into the judgment. Farmers Royalty Holding Co., v. Kulow, 186 S.W.2d 318 (Tex. App., Galveston, 1945, judgment

14

affirmed). The judgment does not mention or refer to the order, so whatever claim it determined, the April 2012 Order lost its meaning and importance insofar as it was not and did not become a judgment or declaration under the Act.

Second, even if this suit were a suit under the Act, the requirements of the Act were not met. The Act allows a trial court to award **reasonable and necessary** attorney's fees as are equitable and just, Section 37.009, Texas Civil Practice and Remedies Code. The Act entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and that such fees be equitable and just, which are matters of law, and are reviewed for abuse of discretion. Bocquet v. Herring, 972 S.W.2d 19 (Tex. 1998). The Act imposes limitations on the trial court's discretion to award attorney's fees, the fees must be reasonable and the fees must be necessary, Bocquet p. 21. To recover attorney's fees under the reasonable and necessary statutory requirement, Salesi must have proved that the amount of fees were both reasonably incurred and **necessary** to the prosecution of her case. Arthur Andersen & Co., v. Perry Equipment Corporation, 945 S.W.2d 812, (Tex. 1997). The trial court's judgment here simply awarded attorney's fees without stating any fact or reason. There was no statement in the trial court's judgment that the attorney's fees were equitable or just. Most importantly, the jury question that was submitted without objection from Salesi, only asked if the

15

attorney's fees were "reasonable" and did not ask if the attorney's fees were necessary, so there was no fact finding that the attorney's fees were necessary and such a fact determination is required for attorney's fees to be awarded under the Act. Bocquet at p. 21; Arthur Anderson at p. 819; General Motors Corp., v. Bloyed, 916 S.W.2d 949, 961 (Tex. 1996). The trial court abused its discretion in awarding attorney's fees to Salesi against Puga because the trial court acted without reference to the rule that there must be a fact finding that the fees were **necessary**. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42, (Tex. 1985). The trial court's award of attorney's fees is error and this portion of the judgment should be reversed so that Salesi does not recover any attorney's fees from Puga.

Salesi may argue that any objection to the award of attorney's Salesi against Puga was waived because Puga did not object in the trial court that this was not a case under the Act making the recovery of attorney's fees possible. However Puga's waiver, if any, does not apply here. Salesi had the burden to prove the attorney's fees she sought to recover from Puga. Stewart Title v. Sterling, 822 S.W.2d 1 (Tex. 1991). Salesi had the burden to obtain a fact finding that her attorney's fees were necessary regardless of any waiver Puga may have made by not objecting to Salesi's claim that attorney's fees could be recovered under the Act. Regardless of a failure to object, to recover attorney's fees a party must be

16

entitled to attorney's fees and Salesi failed to prove the attorney's fees she claimed were necessary as required under the Act. Green International, Inc., v. Solis, 951 S.W.2d 384 (Tex. 1997). Salesi and the trial court failed to submit the proper jury question to obtain a fact finding of "necessary" attorney's fees, Spencer v. Eagle Star Insurance Company, 876 S.W.2d 154 (Tex. 1994), and Salesi did not object to the charge to preserve error, Cruz v. Andrew's Restoration, Inc., 364 S.W.3d 817 (Tex. 2012).[1] Attorney's fees cannot be awarded under the Act if there is no fact finding by the jury in this case, Ridge Oil Company v. Guinn Investments, 143 S.W.3d 143 (Tex. 2004), that Salesi's attorney's fees were necessary, even if the trial court believed them equitable and just. The trial court abused its discretion in awarding attorney's fees to Salesi against Puga because the trial court acted without reference to the rule that there must be a fact finding that the fees were **necessary**. Id. Downer, pps. 241-42). The trial court's award of attorney's fees is error and this portion of the judgment should be reversed so that Salesi does not recover any attorney's fees from Puga.

Puga argues in the alternative that even if this were a suit under the Act and even if the requirements of the Act were met, the only order that made any possible survey determination or declaration was the April 2012 Order and the trial did not

---

[1] The Texas Pattern Jury Charge 115.47 on attorney's fees states: "What is the reasonable fee for the necessary services…" and also suggests submitting consideration of the factors in Arthur Andersen & Co., v. Perry Equipment, 945 S.W.2d 812 (Tex. 1997).

place until May 2014, more than two years and thousands of dollars of attorney's fees later. Salesi's attorney testified about attorney's fees from the very beginning of the case until the time of trial and thereafter. Salesi did not segregate attorney's fees from the time the suit was filed until the time the survey determination was arguably made in the April 2012 Order. This was a suit for damages for negligence and encroachment in reality and any fees that may have had to do with Act stopped being incurred in April 2012. Admittedly, Puga did not object to there being no segregation of attorney's fees. However, this was really a case in tort and if the determination about boundaries or the survey was made in the April 2012 Order, Salesi must have segregated attorney's fees because even intertwined facts do not make tort fees recoverable. *See* Gullo v. Chapa, 212 S.W.2d 299 (Tex. 2007). If Salesi argues Puga waived the right to object to the failure of Salesi to segregate and even if a determination was made under the Act in the April 2012 Order, any issue under the Act regarding a survey or a boundary was resolved as of the April 2012 Order and any attorney's fees thereafter as a matter of law could **only** have been incurred in pursuit of the tort claims. In this case, not all attorney's fees and not all issues remained unresolved at the time of trial in May 2014 because any issues under the Act would have been determined in the April 2012 Order. According to the invoices that were submitted by Salesi's attorney, (CRR, Volume 5h, Exhibit 17), the attorney's fees in April 2012 totaled no more than

18

$4,000.00 and were more than ten times that amount at trial two years later. The attorney's fees awarded in the judgment of $51,169.36, were not necessary because there was no fact finding that they were necessary and not equitable and just since it is clear from the record when the April 2012 Order was signed, less than $4,000.00 in attorney's fees had been incurred. Puga argues that the Act was not meant to be used in this manner. *See* <u>Kenneshaw Life & Accident Insurance Company v. Goss</u>, 694 S.W.2d 115 (Tex. App., Houston, [14th Dist.] 1985, writ ref'd n.r.e.). Under these circumstances it would be an abuse of discretion and not equitable and just for the trial court to award attorney's fees under the Act that were ten times greater than those incurred at the time of April 2012 Order. In the alternative, the trial court's award of attorney's fees in excess of $4,000.00 is error and this portion of the judgment should be reversed and rendered to reduce Salesi's attorney's fees judgment to $4,000.00.

Finally, in Salesi's Original Petition, a reference was made to a ten day demand letter from Salesi's attorney to Puga's attorney attached as Exhibit C, (CR, pps. 12 -13). In Salesi's First Amended Petition reference is made to the same demand but there is no Exhibit C attached to the First Amended Petition, it is only mentioned by reference in the Second Amended Petition, (CR. pps. 16-26). This letter is also in evidence, (CRR, Volume 5h, Exhibit 12). There is nothing in the record below to show that Salesi was relying on Section 16.034 of the Texas

19

Civil Practice and Remedies Code to recover attorney's fees, which provides that a court may award costs and attorney's fees to the prevailing party in a suit between a person claiming title by adverse possession and one claiming under record title, but nevertheless, Puga argues that Section 16.034 of the Texas Civil Practice and Remedies Code does not apply and even if it does, Salesi did not satisfy its requirements. Salesi claims attorney's fees in her pleadings under Section "5.06" of the Texas Property Code and Section 37.009 of the Act. Salesi does not state in her pleadings that she could recover attorney's fees under Section 16.034 of the Texas Civil Practice and Remedies Code and there is nothing in the record to establish such a claim. This was not a suit between Puga claiming adverse possession and Salesi claiming record title. Puga made no claim for title or possession to Salesi's property in Puga's pleadings. The October 2010 letter that Puga's attorney sent to Salesi asked Salesi to remove a portion of her fence which Puga claimed encroached on Puga's property about six inches, (CCR, Volume 5h, Exhibit 10). In that letter, Puga did not claim that Puga owned any part of Salesi's property by adverse possession or that Puga was entitled to possession of any part of Salesi's property by adverse possession. This letter merely states that Salesi's fence encroached on Puga's property. The judgment only awards damages and attorney's fees and there is nothing in the judgment which adjudicates that either Puga or Salesi was unlawfully in actual possession of the other's property and thus

20

Section 16.034 is inapplicable and attorney's fees cannot be awarded, <u>Martin v. Cockrell</u>, 335 S.W.3d 229 (Tex. App. Amarillo, Panel A, 2010, no petition). Lastly, Section 16.034(c) of the Civil Practice and Remedies Code provides that to recover attorney's fees a party must make written demand and the demand must state that if the person does not vacate the premises within ten days and a claim is filed, a court may enter judgment for attorney's fees. Salesi's letter only demands that a fence be properly placed in accordance with a survey and that Puga replace some survey irons. Salesi's letter does not demand that Puga vacate any property. Most importantly, Salesi states in her letter dated February 22, 2011, that a response be made no later than February 25 2011, which is at best a three day written notice and not a ten day written notice as required. The trial court's award of attorney's fees is error as an abuse of discretion and this portion of the judgment should be reversed so that Salesi does not recover any attorney's fees from Puga.

### *Puga's Attorney's Fees Against Salesi*

If this Court determines that this was a case under the Act, then it was error for the trial court to refuse to submit a question to the jury of the reasonable and necessary amount of attorney's fees that Puga incurred. In a suit under the Act, the trial court may award attorney's fees to any party, whether or not that party prevails, <u>Brookshire Katy Drainage District v. Lily Gardens, Inc.</u>, 333 S.W.3d 301 (Tex. App. Houston [1st Dist. 2011], no petition). When the trial court determined

21

not to allow Puga to submit a question to the jury on Puga's attorney's fees, the only reason that may be implied from what was said by the trial court at the time, (CRR, Volume 4, pps. 36-39), which was that the April 2012 Order regarding the survey had made Salesi the prevailing party on that issue and thereby precluded Puga from being eligible to recover attorney's fees. There is nothing in the record that shows the trial court determined at that point in the trial that it would not be equitable and just to award attorney's fees to Puga. There is nothing in the judgment either that shows the trial court determined that it was equitable and just to award attorney's fees to Salesi and not equitable and just to award attorney's fees to Puga. At least Salesi was able to submit a question on the issue to the jury, but the trial court refused to do likewise for Puga. If this Court determines that this was a case under the Act, then this Court should reverse the trial court's judgment in part and remand this case to the trial court to determine the reasonable and necessary amount of attorney's fees that Puga incurred and whether it is equitable and just that they should be awarded to Puga against Salesi.

### *Motion to Disregard Jury Findings Regarding Encroachment Damages*

After trial Salesi filed a Motion to Disregard Jury Findings and Enter Judgment, (CR, pps. 42-80). Salesi argued that because the Court granted a directed verdict that Salesi had proved an encroachment of the PVC plumbing line, the jury's answer of $0 was contrary to the undisputed evidence and should be

disregarded. Salesi argued that the evidence from Johnson established the cost to remove the plumbing pipe was $5,146.32, that being the lesser of two cost estimate opinions of Johnson, (CR, p. 44).

It is true that where the testimony of a witness is not contradicted by another witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies and circumstances that tend to cast suspicion, it is taken as true, as a matter of law. Ragsdale v. Progressive Voters League, 801 S.W.2d 880, (Tex. 1990). The only written evidence of this damage was an estimate prepared by Johnson who testified about at trial that it would cost, depending on the route, either $9,679.33 (CRR, Volume 5a, Exhibit 6-A-2) or $5,596.32 (CRR, Volume 5b, Exhibit 6-A-3), to reroute and remove Puga's PVC pipe from Salesi's property (CRR, Volume 3, p. 125-126). One estimate of these two substantially different estimates cannot be the correct answer as a matter of law for the trial court to determine simply because there are two substantially different estimates for the work and there is no evidence that the estimate for the lower amount, or either of the amounts is the one damage amount as a matter of law. By definition these two estimates cannot be clear or direct and by definition contradict each other. To award either amount is an abuse of the trial court's discretion and the only damage amount that remains determined for this claim is the one determined by the trier of fact, the jury, which was $0. The trial court's

award damages for the encroachment of $5,596.32 is error and this portion of the judgment should be reversed.

## PRAYER

For all the foregoing reasons, Puga respectfully requests this Court to:

a.  Reverse the trial court's judgment that awarded attorney's fees in favor of Salesi and against Puga as error so that Salesi does not recover any attorney's fees from Puga.

b.  In the alternative, reverse the trial court's judgment that awarded attorney's fees in favor of Salesi and against Puga in excess of $4,000.00 as error so that Salesi does not recover any attorney's fees from Puga of more than $4,000.00.

c.  Reverse the trial court's judgment that awarded damages in favor Salesi and against Puga in the amount of $5,146.32 as error so that Salesi's judgment for damages against Puga be reduced by that same amount so that the only judgment for damages in favor of Salesi against Puga is the amount of $2,070.87.

d.  Reverse the trial court's judgment for its error in not allowing the question of the reasonable and necessary attorney's fees incurred by Puga to be submitted to the jury and remand that issue to the trial court for determination.

24

Respectfully submitted,

PETRONELLA LAW FIRM, P.C.

*[s] Richard L. Petronella*
Richard L. Petronella
SBN 15852000
2421 Tangley, Suite 116
Houston, Texas 77005
Phone 713.965.0606
Fax 713.965.0676
richard@petronellalawfirm.com

Attorney for Appellants

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I served counsel for Appellee with this pleading by electronic service on February 17, 2015 to:

Dax Faubus
Courtney Culver
1001 Texas Avenue, 11th Floor
Houston, Texas 77002
Counsel for Appellee

*[s] Richard L. Petronella*
Richard L. Petronella

# **APPENDIX**

**TRIAL COURT'S JUDGMENT**

**JURY CHARGE AND VERDICT**

**Section 5.006, Texas Property Code**
**Section 16.034, Texas Civil Practice and Remedies Code**
**Section 22.001, Texas Property Code**
**Section 37.004, Texas Civil Practice and Remedies Code**
**Section 37.009, Texas Civil Practice and Remedies Code**

FILED
Chris Daniel
District Clerk

JUL 03 2014

Time:_____
Harris County, Texas

By_____BARBARA SALESI
Dep..y

CAUSE NO. 2011-28575

| | | |
|---|---|---|
| BARBARA SALESI | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| RICKEY AND RONNY PUGA, | § | |
| | § | |
| Defendants. | § | 133rd JUDICIAL DISTRICT |

## FINAL JUDGMENT

On May 13, 2014, this Court called this matter for trial before a duly sworn jury of peers. Plaintiff Barbara Salesi appeared individually and through her counsel of record. Defendants Rickey and Ronny Puga appeared individually and through their counsel of record. Upon conclusion of the evidence, the jury submitted a verdict in Plaintiff's favor. The Court now makes the following orders and final judgment:

**ORDERED** that Plaintiff Barbara Salesi recover from Defendants Rickey and Ronny Puga, $612.04 to replace and reposition the Puga Pipe Post from Defendants' property to Plaintiff's property.

**ORDERED** that Plaintiff shall have and recover $486.15 to replace other fence posts Defendants' removed from Plaintiff's property.

**ORDERED** that Plaintiff shall have and recover $972.68 to replace and reposition the survey iron that Defendants' removed from Plaintiff's property.

**ORDERED** that Plaintiff Barbara Salesi recover from Defendants Rickey and Ronny Puga, $5,146.32 to remove and reposition the plumbing line from

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

84

Plaintiff's property to be within the boundaries of Defendants' property.

ORDERED that Plaintiff Barbara Salesi recover from Defendants Rickey and Ronny Puga, $51,169.36 for reasonable and necessary attorney's fees incurred as a result of this lawsuit.

ORDERED that Plaintiff Barbara Salesi recover from Defendants Rickey and Ronny Puga $1,134.20 in pre-judgment interest at the rate of 5.000% interest Pre-judgment interest began to accrue upon the date this suit was filed, May 11, 2011, and the amount mentioned above reflects the pre-judgment interest up to the date this motion is filed.

ORDERED that all amounts of damages and attorney's fees awarded herein shall bear post-judgment interest at the rate of 5.000%, compounded annually, from the date this judgment is signed until it is satisfied in full.

ORDERED that Defendants are liable for all costs of court expended or incurred in this cause.

All writs and processes for the enforcement and collection of this judgment may issue as necessary.

This is a final judgment that disposes of all parties and claims

SIGNED this 29 date of July, 2014, in Houston, Harris County, Texas.

Honorable Judge McFarland

85

## AGREED AS TO SUBSTANCE AND FORM:

FAUBUS KELLER & BURFORD LLP

By: /s Dax O Faubus
              Dax O. Faubus
              State Bar No. 24010019
              Courtney L. Culver
              State Bar No. 24026683
              Nadia I. Gire
              State Bar No. 24076852
              1001 Texas Avenue, 11th Floor
              Houston, Texas 77002
              Tel: (713) 222-6400
              Fax: (713) 222-7240

**ATTORNEYS FOR PLAINTIFF**
**BARBARA SALESI**

## CERTIFICATE OF SERVICE

A copy of this instrument was served on all counsel of record in accordance with the Texas Rules of Civil Procedure on July 3, 2014, as follows:

*__Delivery via E-filing and Regular Mail__*
George A. Young
GEORGE A. YOUNG, P.C.
2600 South shore Blvd., Suite 300
League City, Texas 77573
*YoungCo236@aol.com*

              /s Dax O. Faubus
              Dax O Faubus



CAUSE NO. 2011-28575

| | | |
|---|---|---|
| BARBARA SALESI | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | HARRIS COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| RICKEY AND RONNY PUGA, | § | 133rd JUDICIAL DISTRICT |
| | § | |
| Defendants. | § | |

**F I L E D**
Chris Daniel
District Clerk

MAY 15 2014

Time:_____
By_____
Harris County, Texas

CHARGE OF THE COURT

**Members of the Jury:**

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors Do not use your phone or any other electronic device during your deliberations for any reason.

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

Here are the instructions for answering the questions.

1 Do not let bias, prejudice, or sympathy play any part in your decision.

2. Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions Do not consider or discuss any evidence that was not admitted in the courtroom

29

3. You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4. If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5. All the questions and answers are important. No one should say that any question or answer is not important.

6 Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence unless you are told otherwise. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence unless you are told otherwise.

7. Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8. Do not answer questions by drawing straws or by any method of chance

9. Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

10. Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

11. Unless otherwise instructed, the answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same 10 jurors must agree on every answer. Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

30

## DEFINITIONS

"Plaintiff's Property" is defined as the real property, including the home and all other improvements thereon, located at 8609 Findlay Street and owned by Plaintiff Barbara Salesi.

"Defendants' Property" is defined as the real property, including the home and all other improvements thereon, located at 8514 Detroit Street and owned by Defendants.

"Puga Pipe Post" is the fence post belonging to Plaintiff Barbara Salesi that is alleged to have been moved from Plaintiff's property to Defendants' property in the process of certain plumbing repairs made by Defendants.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means that cause which, in a natural and continuous sequence, unbroken by any new or independent cause produces an event, and without which cause, such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

31

## QUESTION NUMBER 1:

Did the negligence, if any, of those named below proximately cause the occurrence in question?

Answer "Yes" or "No" for each of the following:

a. Rickey Puga    _Yes_

b. Ronny Puga    _Yes_

32

If you have answered "Yes" to any part of Question No. 1, then answer Question No 2; otherwise, do not answer Question No. 2.

## QUESTION NUMBER 2:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Barbara Salesi for the conduct by Ronny Puga, Rickey Puga or anyone acting on their behalf as found in response to Question No. 1?

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of the instructions in or your answers to any other questions about damages. Do not speculate about what a party's ultimate recovery may or may not be. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollars and cents as to each of the following elements of damages, if any.

a) Cost of replacing and repositioning the Puga Pipe Post from Defendants' property to Plaintiff's property.

Answer: $ 612.04

b) Cost of replacing any other fence posts on Plaintiff's Property.

Answer: $ 486.15

c) Cost of replacing and repositioning the survey iron on Plaintiff's Property

Answer: $ 972.68

33

## QUESTION NUMBER 3:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Barbara Salesi for Defendants' encroachment onto Plaintiff's Property?

Do not speculate about what a party's ultimate recovery may or may not be. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollars and cents.

Cost of removing and repositioning the plumbing line from Plaintiff's Property to be within the boundaries of Defendants' Property.

Answer: $ 0

34

## QUESTION NUMBER 4:

What sum of money would fairly and reasonably compensate Barbara Salesi for the attorney's fees and expenses she has paid and/or incurred as a result of this lawsuit?

Answer in dollars and cents.

Answer: $ 35,000 xx/100

What sum of money would fairly and reasonably compensate Barbara Salesi for the attorney's fees and expenses she may pay and/or incur as a result of this lawsuit which may need to be appealed to the intermediate Court of Appeals?

Answer in dollars and cents.

Answer: $ 0

What sum of money would fairly and reasonably compensate Barbara Salesi for the attorney's fees and expenses she may pay and/or incur as a result of this lawsuit which may need to be appealed to the Supreme Court of Texas?

Answer in dollars and cents.

Answer: $ 0

35

## QUESTION NUMBER 5:

Answer Question No. 5 only if you unanimously answered "Yes" to Question No. 1; otherwise do not answer Question No. 5.

To answer "Yes" to Question No. 5, your answer must be unanimous. You may answer "No" to Question No. 5 only upon a vote of ten or more jurors; otherwise, you must not answer Question No. 5.

Do you find by clear and convincing evidence that the harm to Barbara Salesi resulted from malice by any of those named below?

"Malice" means a specific intent by Ronny Puga or Rickey Puga to cause substantial injury or harm to Barbara Salesi.

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

Answer "Yes" or "No" for each of the following.

a. Rickey Puga _____

b. Ronny Puga _____

36

## QUESTION NUMBER 6:

Answer Question No. 6 only if you unanimously answered "Yes" to Question No. 5; otherwise do not answer Question No. 6.

You must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, should be assessed against Ronny Puga or Rickey Puga and awarded to Barbara Salesi as exemplary damages for the conduct found in response to Question No. 5?

"Exemplary damages" means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages include punitive damages.

Factors to consider in awarding exemplary damages, if any, are—

a. The nature of the wrong;
b. The character of the conduct involved;
c. The degree of culpability of the wrongdoer;
d. The situation and sensibilities of the parties concerned;
e. The extent to which such conduct offends a public sense of justice and propriety;
f. The net worth of Ronny Puga and Rickey Puga.

Answer in dollars and cents, if any.

a. Rickey Puga          _____

b. Ronny Puga          _____

37

**+Presiding Juror:**

1. When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

2 The presiding juror has these duties:

a.    have the complete charge read aloud if it will be helpful to your deliberations;

b.    preside over your deliberations, meaning manage the discussions, and see that you follow these instructions,

c.    give written questions or comments to the bailiff who will give them to the judge,

d.    write down the answers you agree on;

e    get the signatures for the verdict certificate; and

f    notify the bailiff that you have reached a verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.

38

## Instructions for Signing the Verdict Certificate:

1. You may answer the questions 1, 2, 3 and 4 on a vote of 10 jurors. The same 10 jurors must agree on every answer in the charge. This means you may not have one group of 10 jurors agree on one answer and a different group of 10 jurors agree on another answer.

2 If 10 jurors agree on the answers to 1, 2, 3, and 4, those 10 jurors sign the verdict.

If 11 jurors agree on the answers to 1, 2, 3, and 4, those 11 jurors sign the verdict

If all 12 of you agree on the answers to 1, 2, 3 and 4, you are unanimous and only the presiding juror signs the verdict.

3. All jurors should deliberate on every question. You may end up with all 12 of you agreeing on some answers, while only 10 or 11 of you agree on other answers But when you sign the verdict, only those 10 who agree on answers 1, 2, 3 and 4 will sign the verdict

Do you understand these instructions? If you do not, please tell me now.

_____
Judge Presiding

MAY 1 5 2014

39

# Verdict Certificate

Check one:

_____ Our verdict is unanimous. All twelve of us have agreed to the answers on 1, 2, 3 and 4 The presiding juror has signed the certificate for all 12 of us.

_____              _____
Signature of Presiding Juror              Printed name of Presiding Juror

✓ Our verdict is not unanimous. Eleven of us have agreed to the answers on 1, 2  3, and 4 and have signed the certificate below

_____ Our verdict is not unanimous. Ten of us have agreed to the answers on 1, 2, 3 and 4 and have signed the certificate below.

| | SIGNATURE | NAME PRINTED |
|---|---|---|
| 1. | | Tom Copeland |
| 2 | | Patrick Carter |
| 3 | | MARY OKOLI |
| 4 | | Gary Randall |
| 5 | Evelin Rodriguez | Evelin Rodriguez |
| 6. | Jennifer Dinh | Jennifer Dinh |
| 7. | Kim King | Kim King |
| 8. | Amanda J Bray | Amanda J. Bray |
| 9. | Melissa Del Angel | Melissa Del Angel |
| 10. | Billy K. Shaw | Billy K. Shaw |
| 11. | | Rufus Wheat |

40

If you have answered Question No. 5 and/or 6, then you must sign the certificates below.

## Additional Verdict Certificate

I certify that the jury was unanimous in answering Question No. 5. All twelve of us agreed to the answer. The presiding juror has signed the certificate for all twelve of us.

_____
Signature of Presiding Juror

_____
Printed name of Presiding Juror

I certify that the jury was unanimous in answering Question No. 6. All twelve of us agreed to the answer. The presiding juror has signed the certificate for all twelve of us

_____
Signature of Presiding Juror

_____
Printed name of Presiding Juror

41

Vernon's **Texas** Statutes and **Codes** Annotated
    **PropertyCode**(Refs & Annos)
        Title 2. Conveyances
            Chapter 5. Conveyances (Refs & Annos)
                Subchapter A. General Provisions

V.T.C.A., **Property Code** § 5.006

§ 5.006. **Attorney's Fees** in Breach of **Restrictive** Covenant Action

Currentness

(a) In an action based on breach of a **restrictive** covenant pertaining to real **property**, the court shall allow to a prevailing party who asserted the action reasonable **attorney's fees** in addition to the party's costs and claim.

(b) To determine reasonable **attorney's fees**, the court shall consider:

(1) the time and labor required;

(2) the novelty and difficulty of the questions;

(3) the expertise, reputation, and ability of the attorney; and

(4) any other factor.

**Credits**
Acts 1983, 68th Leg., p. 3481, ch. 576, § 1, eff. Jan. 1, 1984.

**Editors' Notes**

**LAW REVIEW COMMENTARIES**

Annual survey of **Texas** law: Real **property**--Condemnation and **restrictive** covenants. Charles R. Butler, 37 Sw.L.J. 49 (1983).
Statutory **attorney fees** in **Texas**: Update. Ralph H. Brock, 41 Tex.B.J. 65 (1978).

**RESEARCH REFERENCES**

**Encyclopedias**

34 Am. Jur. Proof of Facts 3d 339, Violation of **Restrictive** Covenant.

**Forms**

**Texas** Jurisprudence Pleading & Practice Forms 2d Ed § 81:19, Introductory Comments.

Vernon's Texas Statutes and Codes Annotated
    Civil Practice and Remedies Code (Refs & Annos)
        Title 2. Trial, Judgment, and Appeal
            Subtitle B. Trial Matters
                Chapter 16. Limitations
                    Subchapter B. Limitations of Real Property Actions

V.T.C.A., Civil Practice & Remedies Code § 16.034

§ 16.034. Attorney's Fees

Effective: September 1, 2009
Currentness

(a) In a suit for the possession of real property between a person claiming under record title to the property and one claiming by adverse possession, if the prevailing party recovers possession of the property from a person unlawfully in actual possession, the court:

(1) shall award costs and reasonable attorney's fees to the prevailing party if the court finds that the person unlawfully in actual possession made a claim of adverse possession that was groundless and made in bad faith; and

(2) may award costs and reasonable attorney's fees to the prevailing party in the absence of a finding described by Subdivision (1).

(b) To recover attorney's fees, the person seeking possession must give the person unlawfully in possession a written demand for that person to vacate the premises. The demand must be given by registered or certified mail at least 10 days before filing the claim for recovery of possession.

(c) The demand must state that if the person unlawfully in possession does not vacate the premises within 10 days and a claim is filed by the person seeking possession, the court may enter a judgment against the person unlawfully in possession for costs and attorney's fees in an amount determined by the court to be reasonable.

**Credits**
Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985. Amended by Acts 2009, 81st Leg., ch. 901, § 1, eff. Sept. 1, 2009.

Notes of Decisions (22)

V. T. C. A., Civil Practice & Remedies Code § 16.034, TX CIV PRAC & REM § 16.034
Current through the end of the 2013 Third Called Session of the 83rd Legislature

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
    **PropertyCode**(Refs & Annos)
        Title 4. Actions and Remedies
            Chapter 22. Trespass to Try Title (Refs & Annos)
                Subchapter A. General Provisions (Refs & Annos)

## V.T.C.A., **Property Code § 22.001**

### § **22.001**. Trespass to Try Title

### Currentness

(a) A trespass to try title action is the method of determining title to lands, tenements, or other real property.

(b) The action of ejectment is not available in this state.

**Credits**
Acts 1983, 68th Leg., p. 3509, ch. 576, § 1, eff. Jan. 1, 1984.

**Editors' Notes**

### REVISOR'S NOTE

### 2014 Main Volume

(1) The revised law omits the source law reference to "fictitious proceedings" in the action of ejectment because the action of ejectment was an entirely fictitious proceeding. See, e.g., *McGrady v. Clary*, 247 S.W. 1099 (Tex.Civ.App.--Amarillo 1923, writ dism'd).

(2) The revised law states that ejectment is "not available in this state" rather than "is abolished" to more clearly convey the effect of abolition.

### RESEARCH REFERENCES

### Treatises and Practice Aids

Baggett, 15 Tex. Prac. Series § 2.02, Section 51.002 **Property Code**: Nonjudicial Sale.
NOTES OF DECISIONS

**Construction with other laws**

While Uniform Declaratory Judgment Act [Vernon's Ann.Texas Civ.St. art. 2524-1] specifically provided procedural method for construction or validity of deeds by those whose rights are affected by such instruments, substantive rights of parties in dispute as to ownership of property which had been conveyed to more than one party were governed by trespass to try title statutes [V.T.C.A., **Property Code** §§ **22.001**-22.045]. Kennesaw Life & Acc. Ins. Co. v. Goss (App. 14 Dist. 1985) 694 S.W.2d 115, ref. n.r.e.. Trespass To Try Title    1

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle C. Judgments
        Chapter 37. Declaratory Judgments (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 37.004

§ 37.004. Subject Matter of Relief

Effective: June 15, 2007
Currentness

(a) A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

(b) A contract may be construed either before or after there has been a breach.

(c) Notwithstanding Section 22.001, Property Code, a person described by Subsection (a) may obtain a determination under this chapter when the sole issue concerning title to real property is the determination of the proper boundary line between adjoining properties.

**Credits**
Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985. Amended by Acts 2007, 80th Leg., ch. 305, § 1, eff. June 15, 2007.

Notes of Decisions (469)

V. T. C. A., Civil Practice & Remedies Code § 37.004, TX CIV PRAC & REM § 37.004
Current through the end of the 2013 Third Called Session of the 83rd Legislature

---

End of Document

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
   Civil Practice and Remedies Code (Refs & Annos)
      Title 2. Trial, Judgment, and Appeal
         Subtitle C. Judgments
            Chapter 37. **Declaratory** Judgments (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 37.009

§ 37.009. Costs

Currentness

In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just.

**Credits**
Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985.

**Editors' Notes**

**RESEARCH REFERENCES**

**2014 Main Volume**

**ALR Library**

87 ALR 3rd 429, Insured's Right to Recover Attorneys' Fees Incurred in **Declaratory** Judgment Action to Determine Existence of Coverage Under Liability Policy.

**Encyclopedias**

TX Jur. 3d **Declaratory** Relief § 5, Justiciable Controversy.
TX Jur. 3d **Declaratory** Relief § 7, Effect of Existence of Another Adequate Remedy.
TX Jur. 3d **Declaratory** Relief § 8, Discretion of Court.
TX Jur. 3d **Declaratory** Relief § 9, Where Action Pending.
TX Jur. 3d **Declaratory** Relief § 27, Counterclaims.
TX Jur. 3d **Declaratory** Relief § 31, Costs and Attorney's Fees.
TX Jur. 3d **Declaratory** Relief § 33, Review.
TX Jur. 3d Municipal Corporations § 500, **Declaratory Judgments--Costs and Attorney's Fees.**

**Forms**

Texas Jurisprudence Pleading & Practice Forms 2d Ed § 1:3, Petition--For **Declaratory** Judgment Establishing Ownership of Abandoned Personal Property--By Holder--Against Former Owner.
Texas Jurisprudence Pleading & Practice Forms 2d Ed § 128:8, Petition--For **Declaratory** Judgment--By Representative of Donor's Estate--Gift of Savings Account Obtained Through Undue Influence.
Texas Jurisprudence Pleading & Practice Forms 2d Ed § 128:9, Petition--For **Declaratory** Relief--Title to Real Property in Plaintiff Based on Parol Gift of Property.